**Alonzo D. DIXON, Appellant,**

v.

**The STATE of Texas.**

**Nos. 021–98, 022–98.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1998.

Opinion Granting Rehearing in Part Sept. 15, 1999.

Michael Logan Ware, Fort Worth, for appellant.

David Curl, Anne E. Swenson, Asst. Dist. Attys., Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PE-
TITION FOR DISCRETION-
ARY REVIEW*

BAIRD, J. delivered the opinion of the Court, joined by OVERSTREET, MEYERS, MANSFIELD, PRICE, and HOLLAND, JJ.

Appellant was convicted of incest, indecency with a child, and aggravated sexual assault and sentenced to 25 years on each of the first two offenses and 45 years on the latter. Tex. Penal Code Ann. §§ 25.02, 21.11, 22.021. The Court of Appeals affirmed. *Dixon v. State,* 923 S.W.2d 161 (Tex.App.—Fort Worth 1996)(*Dixon I*). This Court vacated that judgment and remanded the case to the Court of Appeals. *Dixon v. State,* 928 S.W.2d 564 (Tex.Cr.App.1996)(*Dixon II*). On remand, the Court of Appeals again affirmed. *Dixon v. State,* 955 S.W.2d 898 (Tex.App.—Fort Worth 1997)(*Dixon III*). We granted review of that decision to determine if the Court of Appeals erred in holding that a *defense witness* could be properly impeached by evidence of a pending felony, and whether that error, if any, was preserved for review.[1]

## I.

### A.

During his case-in chief, appellant called Elmer Pelfrey as a witness. At the time of his testimony, Pelfrey was under indictment for two felonies pending in the same court as the instant case. Before Pelfrey testified, his attorney, Bradford Shaw, presented the following motion:

> My name is Bradford Shaw. I'm an attorney for Elmer Pelfrey. He has been charged with two felony indictments in this particular court, and I would motion the Court, at this time, to enter an order prohibiting the State's

attorneys from asking him any questions concerning his guilt in these two offenses that are currently pending, based on his Fifth Amendment rights and under Article I, Section 10 of the Texas Constitution.

> That would also include asking whether or not he is charged with these offenses. As you are well aware, he is presumed to be innocent, and that the rules of evidence provide that a person may be—testimony may be impeached by the admission or the asking of a felony conviction. And in this instance, he has not been convicted. These cases are pending. We would ask the Court enter an order in accordance with my request.

The trial judge denied Pelfrey's request based upon "bias and motive." When the State attempted to question Pelfrey regarding his two pending charges, appellant objected and the trial judge stated, "[f]or the reasons stated previously, I will overrule the objection."

### B.

The Court of Appeals originally held appellant had failed to properly preserve error by his general objection.

> Based on these facts, we find that Dixon waived his complaint about the admission of Pelfrey's pending charges. First, to the extent Dixon is relying on the objections of another attorney to preserve his present complaint, his reliance is misplaced. See *Martinez v. State,* 833 S.W.2d 188, 191 (Tex.App.—Dallas 1992, pet. ref'd) (a defendant who has not voiced his own personal objection or adopted that of his codefendant is foreclosed from relying on the objection of his codefendant to preserve error). There is no indication in the record that Dixon adopted or intended to

---

**1.** The granted grounds for review are specifically:

    1. Did the Court of Appeals reversibly err in holding that the error raised on appeal was waived by trial counsel.

**2.** Did the Court of Appeals reversibly err in holding that a defense witness could be properly impeached by evidence of a pending felony.

adopt the objections urged by Pelfrey's attorney in the hearing held immediately before Pelfrey's testimony. Therefore, Dixon cannot use an objection that he did not advance at trial to preserve his complaint for appellate review.

*Dixon I*, 923 S.W.2d at 164–165.

On discretionary review, we considered the preservation issue. *Dixon II*, 928 S.W.2d at 564. In a unanimous decision, we held:

> In his petition for discretionary review, Appellant submits that the Court of Appeals failed to recognize that under this Court's opinions in *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977) and *Lankston v. State*, 827 S.W.2d 907 (Tex.Cr.App.1992), a general objection will preserve error if its grounds are apparent to the trial judge. He argues that because the trial court overruled the objection and ruled the impeachment proper "for the reasons stated previously," it understood the grounds for Appellant's objection to be the same as those previously voiced by Pelfrey's counsel.
>
> We agree. Since the trial court explicitly overruled Appellant's objection for the reasons stated previously, i.e., the reason given for overruling Pelfrey's objection, the judge was treating Appellant's objection as an adoption of Pelfrey's. Therefore, the Court of Appeals erred by holding that error was not preserved because counsel's objection was too general to apprise the trial court of its grounds.

*Id.*, 928 S.W.2d at 564–565. The judgment of the Court of Appeals was vacated and the cause remanded to that court for disposition consistent with our opinion. *Id.*, 928 S.W.2d at 565.

On remand, (*Dixon III*), the Court of Appeals again determined appellant had failed to preserve error. The remand decision was based on the ruling of the trial court when appellant's objection was made. The Court held:

Although Dixon argues on appeal that the evidence is inadmissible under Rule 612(b), neither Dixon's nor Pelfrey's counsel objected on that ground either during the hearing or during the State's cross-examination of Pelfrey. Even after the trial court informed defense counsel that it would admit the evidence to show bias or motive, no objection was made to the court's ruling on the basis of Rule 612(b). When the evidence was admitted, Dixon's counsel made only a general objection based on Rule 608(b) grounds.

*Id.*, 955 S.W.2d at 900.

We begin our review by determining whether appellant preserved error, if any.

**II.**

To preserve error for appellate review, the complaining party must make a timely, specific objection. *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Cr.App.1985). The objection must be made at the earliest possible opportunity. *Marini v. State*, 593 S.W.2d 709 (Tex.Cr.App.1980). The complaining party must obtain an adverse ruling from the trial court. *DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr.App.1979). Finally, the point of error on appeal must correspond to the objection made at trial. *Thomas v. State*, 723 S.W.2d 696 (Tex.Cr. App.1986).

In *Dixon II*, we determined appellant's objection to the State's cross-examination of Pelfrey regarding his pending charges adopted the objection lodged by Pelfrey's attorney. *Dixon II*, 928 S.W.2d at 564–65. Appellant specifically objected to:

1. Asking Pelfrey any questions concerning his guilt in these two offenses that are currently pending,

2. based on Pelfrey's Fifth Amendment rights and

3. under Article I, Section 10 of the Texas Constitution.

4. That would also include asking whether or not Pelfrey was charged with these offenses.

5. Pelfrey is presumed to be innocent, and

6. the rules of evidence provide that a person may be—testimony may be impeached by the admission or the asking of a felony conviction.

7. And in this instance, Pelfrey has not been convicted. These cases are pending.

Appellant's objections were based on two distinct rules of evidence. First, by requesting the court not to go into the fact Pelfrey had been charged with two felonies, Tex.R.Crim. Evid. 608(b), wherein specific instances of conduct may not be inquired into on cross-examination, was implicated.[2] The rule provides:

Specific instance of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor provided by extrinsic evidence.

Tex.R.Crim. Evid. 608(b).

Second, because Pelfrey had not been convicted, Tex.R.Crim. Evid. 609, which provides only for impeachment by evidence of *conviction* of a crime, was implicated.

From the record, it is clear the trial judge was sufficiently apprised that these were appellant's objections. *See, Dixon II,* 928 S.W.2d at 564 (quoting *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977), and *Lankston v. State,* 827 S.W.2d 907 (Tex.Cr.App.1992)(a general objection will preserve error *if its grounds are apparent to the trial judge* )(emphasis supplied)). Appellant's objections were timely and the trial judge overruled the objections, thus under Tex.R.App. P. 52, those objections were sufficient to preserve this issue for appellate review.[3]

## III.

Having determined the error was preserved for appellate review, we now address the merits of the issue. The State argues the Tex.R.Crim. Evid. 612 trumps Tex.R.Crim. Evid. 608 or 609.[4] The Court of Appeals, relying on two of their own decisions, held "the plain language of Rule 612(b) creates an exception to Rule 608(b) where the evidence shows bias or a motive for the witness to testify untruthfully." *Dixon III,* 955 S.W.2d at 900. However, neither case is on point. The first case, *Sparks v. State,* 943 S.W.2d 513 (Tex. App.—Fort Worth 1997), dealt with the propriety of the State's cross-examination of an expert witness with prior testimony from another trial. And, *Thomas v. State,* 897 S.W.2d 539 (Tex.App.—Fort Worth 1995), was a case of sexual assault where the defendant claimed the sex was consensual. The Court of Appeals reversed the conviction because the trial judge erred in prohibiting cross examination of the complainant regarding the jealous nature of her boyfriend. While the Court of Appeals correctly determined this was an appropriate area of cross-examination, *Thomas* has absolutely nothing to do with the instant case.

2. The Texas Rules of Civil Evidence and the Texas Rules of Criminal Evidence have now been combined into the Texas Rules of Evidence. This opinion, however, will refer to the Texas Rules of Criminal Evidence, as they were in effect at the time of the trial.

3. Tex.R.App. P. 52 (West 1993) provided:

Preservation of Appellate Complaints

(a) General Rule. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the con-
text. It is also necessary for the complaining party to obtain a ruling on the party's request, objection, or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.

Tex.R.App. P. 52 is now Tex.R.App. P. 33 and substantially similar.

4. Tex.R.Crim. Evid. 612 is now Tex.R. Evid. 613 under the unified Texas Rules of Evidence promulgated by the Texas Supreme Court and this Court, effective March 1, 1998. The rules are identical.

The Rules of Evidence provide specific and general directives and are meant to work in conformity. Should an inconsistency arise, it should be removed by reasonable construction.[5] Simply stated, general rules are not meant to supercede specific rules. Under Tex.R.Crim. Evid. 612, the parties are allowed to question a witness regarding a bias or interest. This is a general rule because

> The possible reasons that might cause a witness to be biased or interested in the *outcome of a particular lawsuit* are as numerous and varied as the infinite range of human emotions and motives. Some common forms of impeachment to show bias include racial prejudice, family relationship, employment, personal friendship or enmity, prior business dealings, prior "bad blood," threats, and many others. A witness's bias may be directed toward a particular person or it may be that he harbors a general bias *against a group or class of which the opposing party is a member.* (footnotes omitted) . . .

Cathleen C. Herasimchuk, *Texas Rules of Evidence Handbook* § 613(b), p. 611–612 (3d ed.1998).[6] In contrast, Rules 608(b) is a specific rule relating to "specific" instances of conduct. Similarly, Rule 609 is a specific rule which provides an exception to Rule 608(b) and provides for impeachment by evidence of a criminal conviction.

In the instant case, the trial judge overruled appellant's objection under Tex. R.Crim. Evid. 608(b) and 609 under the guise of allowing impeachment under Tex. R.Crim. Evid. 612, to show motive or bias. However, the State's cross-examination was merely to bring out evidence of the pending charges; the State *never* questioned Pelfrey regarding his possible bias or motive.[7] Consequently the cross-examination was specifically prohibited by Rules 608(b) and 609.

Accordingly, we hold the Court of Appeals erred in holding the trial judge did not err in permitting the State to cross-examine Pelfry as to his pending charges. To hold otherwise would eviscerate Rules 608(b) and 609. The judgment of the Court of Appeals is reversed and the case remanded to that Court for a harm analysis. Tex.R.App. P. 44.2.

WOMACK, J. delivered a dissenting opinion, joined by McCORMICK, P.J. and KELLER, J.

WOMACK, J., filed a dissenting opinion, in which McCORMICK, P.J., and KELLER, J., joined.

We granted the appellant's petition for discretionary review to determine: (1)

---

5. Tex.R.Crim. Evid. 101(c) provides: Hierarchical governance shall be in the following order: the Constitution of the United States, those federal statutes which control states under the Supremacy Clause, the Constitution of Texas, the Code of Criminal Procedure and the Penal Code, civil statutes, these rules, the common law of England. Where possible, *inconsistency is to be removed by reasonable construction.* (emphasis supplied).

6. Additionally, a good faith basis for the attempt to impeach regarding bias or interest is required. John William Strong et al., *McCormick on Evidence*, § 39 (4 th ed.1992).

7. The relevant cross examination regarding the pending charges is as follows:
Q: Mr. Pelfrey, you presently have two cases pending, don't you?
Mr. Dickson [appellant's trial counsel]: I'm going to object to that, Your Honor.
The Court: For the reasons stated previously, I will overrule the objection.
Q: You can answer the question Mr. Pelfrey.
A: Yes.
Q: And one of those cases you are charged with aggravated sexual assault of a child; is that correct?
A: Yes.
Q: Indecency-fondling of a child, indecent exposure with a child and incest with a child; is that correct?
A: Yes.
Q: In the other case, you are charged with indecency-fondling of a child and indecent exposure with a child?
A: Yes.
Q: And that is in this Court; is that correct?
A: Yes.
Ms. Jack: Pass the witness, your Honor.

whether the Court of Appeals reversibly erred in holding that error raised on appeal was waived by trial counsel and (2) whether the Court of Appeals reversibly erred in holding that a defense witness could be properly impeached by evidence of a pending felony. Because I disagree with the majority that the appellant preserved error on his Texas Rule of Criminal Evidence 612 [1] complaint, I dissent.

On the appellant's ground of error one, I would hold that although the appellant preserved error as to his Rule 608 and 609 claim, see Dixon v. State, 928 S.W.2d 564, 565 (Tex.Cr.App.1996), the appellant did not preserve error on the Rule 612 complaint.

The Court of Appeals held that the appellant had not preserved error because the appellant did not object to the questions about defense witness Pelfrey's pending charges on the basis that the testimony was inadmissible under Rule 612(b). Dix-on v. State, 955 S.W.2d 898, 900 (Tex. App.—Fort Worth 1997, pet. granted). The appellant's objection, we held previously, Dixon, 928 S.W.2d at 565, adopted the grounds within Mr. Pelfrey's motion to prohibit the State from asking questions about the his pending charges.[2] The relevant part of the motion before the trial court, and thus, the appellant's objection, were based on Texas Rule of Criminal Evidence 608(b).[3]

The objection adopting the witness's motion complained of the use of the pending charges as impeachment of the witness's character generally, as prohibited in Rule 609(a).[4] The trial court overruled the appellant's objection "[f]or the reasons stated previously." In response to the witness's motion, the trial court had ruled that the testimony was admissible to show bias or motive.[5]

In his brief to this Court, the appellant complains that the Court of Appeals is

---

**1.** The Texas Rules of Criminal Evidence were in effect at the time of trial in 1995. All references to Rules are to the Texas Rules of Criminal Evidence and not to the current Texas Rules of Evidence.

**2.** Mr. Pelfry's attorney said:

> My name is Bradford Shaw. I'm an attorney for Elmer Pelfrey. He has been charged with two felony indictments in this particular Court, and I would motion the Court, at this time, to enter an order prohibiting the State's attorneys from asking him any questions concerning his guilt in these two offenses that are currently pending, based on his Fifth Amendment rights and under Article I, Section 10 of the Texas Constitution.
>
> That would also include asking whether or not he is charged with these offenses. As you are well aware, he is presumed to be innocent, and that the rules of evidence provide that a person may be—testimony may be impeached by the admission or the asking of a felony conviction. And in this instance, he has not been convicted. These cases are pending. We would ask the Court enter an order in accordance with my request.

**3.** Rule 608(b) states:

> Specific instances of the conduct of a witness, for the purpose of attacking or sup-

porting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.

Tex.R.Crim. Evid. 608(b).

**4.** Rule 609(a) states that:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

**5.** The trial court was referring to Rule 612(b), which states in relevant part:

> In impeaching a witness by proof of circumstances or statements showing bias or interest, on the part of such witness, and before further cross-examination concerning, or extrinsic evidence of, such bias or interest may be allowed, the circumstances supporting such claim or the details of such statement, including the contents and where, when and to whom made, must be made known to the witness, and the witness must be given an opportunity to explain or deny such circumstances or statement.

placing the burden on the appellant to "except" to the trial court's overruling his objection and also complains that the State did not establish relevance to admit evidence under Rule 612. *See Chambers v. State,* 866 S.W.2d 9, 26–27 (Tex.Cr.App. 1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994) (stating that the burden of showing relevance is on the proponent). I disagree that the Court of Appeals's opinion required that the appellant "except" to the trial court's overruling his objection, and I believe that the appellant did not preserve error on his complaint that the State did not establish relevance. The appellant was free to object to the State's inquiry into Mr. Pelfrey's pending charges on more than one ground; he did not. Instead he adopted the grounds of the motion of the witness's attorney. The appellant failed to preserve any Rule 612 complaint.

Rules 608, 609, and 612 deal with the same general subject matter: impeachment of witnesses. They serve different purposes, however. Rule 608(b) deals with the witness's character for truthfulness, and bars the use of specific acts of conduct, for that purpose, except as provided in Rule 609.

> Rule 608 does not bar evidence of specific acts not resulting in conviction as an impeachment device in all instances. It proscribes such proof only when offered for a particular purpose: to establish the witness's character for veracity so the jury may infer that he is more or less likely to be testifying truthfully. Specific acts may, however, be proved for other purposes. For example, a witness's acts may reveal a bias toward or against one of the litigants.

1 Steven Goode et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal, § 608.1, at 574 (2d ed.1993) (footnotes omitted). In other words, specific acts may be admissible if offered for a purpose other than showing

the witness's veracity, pursuant to another rule of evidence.

Rule 612 has multiple provisions dealing with impeachment by prior inconsistent statements, rehabilitation with a prior consistent statement, and impeachment by showing bias or interest. Rule 612(b), dealing with bias or interest, is different from Rule 608 in that it does not address the witness's general character for telling the truth.

> Unlike attacks on a witness's character, which reflect on the witness's truthtelling tendencies generally, attacks concerning bias or interest relate only to the specific litigation or parties. The impeaching party must attempt to show that the witness's attitude is such that he is likely to favor or disfavor a particular litigant's position for reasons unrelated to the merits of the suit.

*Id.* § 613.6, at 651 (footnotes omitted). In this way, the Court of Appeals is incorrect in its construction of the Rules. Rule 612(b) is not an exception to Rule 608(b); the two rules deal with different instances of the use of specific conduct to impeach. Therefore, a Rule 608 or 609 objection cannot preserve a complaint about the State's failure to establish relevance between pending charges and a witness's bias or motive under Rule 612.

The linchpin of the Court's opinion is that "the State *never* questioned Pelfrey regarding his possible bias or motive." *Ante* at 267 (footnote omitted). This is certainly the key point of a Rule 612 objection. But the appellant did not object on the basis of Rule 612. The objection appellant made, adopting the grounds of the witness's motion, was on the basis of Rules 608 and 609. To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. Tex.R.App. P. 52(a);[6] *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Cr.App.1995). Also, the complaint on appeal must comport with the objection at trial. *Broxton,* 909

**6.** Now Texas Rule of Appellate Procedure 33.1(a)(1).

S.W.2d at 918. "An objection stating one legal theory may not be used to support a different legal theory on appeal." *Id.* (citing *Johnson v. State,* 803 S.W.2d 272, 292 (Tex.Cr.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991)). The appellant's first ground of error should be overruled.

Because the appellant did not preserve the complaint for appeal, the matter was not properly before the Court of Appeals. As I result I would not discuss the merits of the appellant's complaint. Because I would affirm the appellant's conviction, I dissent.

### OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, P.J., delivered the opinion of the Court, in which MANSFIELD, KELLER, HOLLAND, WOMACK and KEASLER, JJ., joined.

The State has asserted five grounds in a motion for rehearing requesting the Court to reconsider its December 16, 1998, opinion on original submission.[1] We granted rehearing on grounds one through three. We will sustain grounds one and two in the State's motion for rehearing, dismiss ground three in the State's motion for rehearing, overrule ground for review one in appellant's discretionary review petition, dismiss as improvidently granted ground for review two in appellant's discretionary review petition, and affirm the judgment of the Court of Appeals.

The procedural history and facts of this case are set out in the opinion of the Court of Appeals. *Dixon v. State,* 955 S.W.2d 898, 899 (Tex.App.—Fort Worth 1997).[2]

The prosecution sought to impeach defense witness Pelfrey with two pending felony indictments. *Id.* Appellant objected under Tex.R.Crim.Evid. 608(b)[3] claiming that only "final felony convictions may be used to impeach testimony."[4] The trial court permitted the impeachment under Tex. R.Crim.Evid. 612(b) to show "bias and motive." *Dixon,* 955 S.W.2d at 899.

On direct appeal, appellant claimed the impeachment was improper under Rule 612(b). The Court of Appeals decided appellant's Rule 608(b) trial objection failed to preserve his Rule 612(b) claim for appeal. *Dixon,* 955 S.W.2d at 900. We exercised our discretionary authority to review this decision (ground for review one). The Court of Appeals also decided the impeachment was proper under Rule 612(b). *Dixon,* 955 S.W.2d at 900. We exercised our discretionary authority to review this decision (ground for review two). The Court's December 16, 1998, opinion on original submission sustained both grounds for review, reversed the judgment of the Court of Appeals, and remanded the case there for a harm analysis.

The Court's opinion on original submission decided appellant's trial objection under Rule 608(b) preserved a Rule 608(b) claim for appeal.[5] The Court's opinion on original submission then decided the impeachment was improper under Rule 612(b) because the prosecution "never questioned Pelfrey regarding his possible bias or motive." The Court's opinion on

---

1. *Dixon v. State,* 2 S.W.3d 263 (Tex.Cr.App. 1998).

2. See also *Dixon v. State,* 928 S.W.2d 564 (Tex.Cr.App.1996), reversing *Dixon v. State,* 923 S.W.2d 161 (Tex.App.—Fort Worth 1996).

3. The Texas Rules of Criminal Evidence were in effect at the time of trial in 1995. This opinion refers to the Texas Rules of Criminal Evidence and not to the current Texas Rules of Evidence.

4. See *Dixon,* 928 S.W.2d at 564; Tex.R.Crim. Evid. 609.

5. Therefore, the Court's opinion on original submission on ground for review one decided a different issue than that presented and argued in the Court of Appeals and upon which the Court granted discretionary review. This is another problem with the Court's opinion on original submission. See *State v. Consaul,* 982 S.W.2d 899 (Tex.Cr.App.1998) and at 900–03 (Price, J., concurring) (court exercised discretion to dismiss discretionary review petition because issue presented in ground for review not argued below). No one has ever claimed appellant's Rule 608(b) objection failed to preserve a Rule 608(b) claim for appeal.

original submission then decided the impeachment was also improper under Rule 608(b)—a proposition with which everyone including the trial court did not dispute. In this way the Court's opinion on original submission managed to avoid addressing the preservation issue presented in ground for review one of appellant's discretionary review petition.

■ Of greater concern is some language in the Court's opinion on original submission which suggests an inconsistency exists between Rule 608(b) and Rule 612(b) when it comes to impeaching a witness with specific instances of conduct. This language might lead some within the bench and bar to conclude erroneously that when specific instances of conduct are used for impeachment purposes, the "specific" provisions of Rule 608(b) control over the more "general" provisions of Rule 612(b) even if the specific instances of conduct are otherwise admissible under Rule 612(b) to show bias and motive.[6] The opinion of the Court of Appeals also contains some language saying Rule 612(b) is an "exception" to Rule 608(b). *Dixon,* 955 S.W.2d at 900.

While Tex.R.Crim.Evid. 608 and Rule 612(b) deal with the same general subject matter of impeaching witnesses, they nevertheless are distinct rules which serve different purposes. Tex.R.Crim.Evid. 608(a) says how to impeach a witness's *general character for truthfulness.* Rule 608(b) expressly bars impeaching a witness's general character for truthfulness with specific acts of conduct "other than conviction of crime as provided in" Tex. R.Crim.Evid. 609.

Rule 612(b) permits impeaching a witness by proof of "circumstances or state-

ments" showing the witness's bias or interest *in a particular case.* Unlike Rule 608(b), Rule 612(b) does not expressly bar the use of specific instances of conduct to show bias or interest.

"Rule 608 does not bar evidence of specific acts not resulting in conviction as an impeachment device in all instances. It proscribes such proof only when offered for a particular purpose: to establish a witness's character for veracity so the jury may infer that he is more or less likely to be testifying truthfully. Specific acts may, however, be proved for other purposes. For example, a witness's acts may reveal a bias toward or against one of the litigants."[7]

So Rule 612(b) is different from Rule 608. Rule 608 addresses a witness's *general* character for truthfulness. Rule 612(b) addresses a witness's trustworthiness *in the particular case* because of some bias or interest.

"Unlike attacks on a witness's character, which reflect on the witness's truthtelling tendencies generally, attacks concerning bias or interest relate only to specific litigation or parties. The impeaching party must attempt to show that the witness's attitude is such that he is likely to favor or disfavor a particular litigant's position for reasons unrelated to the merits of the suit."[8]

Therefore, our opinion on original submission incorrectly suggested Rule 608(b) controls over Rule 612(b) when a party seeks to impeach a witness with specific instances of conduct to show bias or interest and the Court of Appeals also incorrectly suggested Rule 612(b) is an "excep-

---

**6.** In its second ground for rehearing, the State argues the "unprecedented notion that evidence, which is admissible under one impeachment rule, also has to pass muster under *another theory of impeachment* simply cannot withstand scrutiny." (Emphasis in Original). We agree.

**7.** 1 Steven Goode et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal, Section 608.1, at 574 (2d ed.1993) (footnotes omitted).

**8.** 1 Steven Goode et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal, Section 613.6, at 651 (footnotes omitted).

tion" to Rule 608(b). These are distinct rules which serve different purposes.[9]

It also is noteworthy the Court's opinion on original submission relied on a Texas Evidence treatise which the opinion on original submission apparently considered to be persuasive, learned and authoritative. Cathleen C. Herasimchuck, *Texas Rules of Evidence Handbook*, Section 613(b), at 611–12 (3d ed.1998). After our opinion on original submission was handed down, the author of this treatise filed an amicus curiae letter brief stating this treatise was "never intended to convey that Rule 612 is somehow a 'general' rule of impeachment while [Rule 608 was] more 'specific.'" This letter brief also says the treatise states precisely the opposite of what our opinion on original submission decided.

Consistent with the foregoing discussion, the letter brief states:

> "What I intended to say was that we have various means of impeachment for credibility. One of those means is by demonstrating that the witness, *as a general proposition* [10] (on Monday to the cleaners, on Tuesday to the bank, on Wednesday to the police, on Thursday in Court) is not a truth teller. He should not be believed whenever he opens his mouth. One way of demonstrating that general lack of credibility is by showing that he has a poor reputation in the community for truthtelling; another is that a specific character witness testifies that, in his opinion, the fact witness is not a truthteller, is not worthy of belief. These two types of general credibility impeachment are explicitly permitted under Rule 608(a). A third way of attacking the *general* [11] credibility of a witness and demonstrating that he is simply never to be believed on any day

on any topic is to prove that he did not tell the truth on certain specific occasions, e.g. he lied to the IRS in 1985, he lied to his wife in 1997 about an extramarital affair, he lied to his boss about making personal phone calls on the company phone in 1995. Under *Federal* [12] Rule 608(b), ·the trial judge has discretion to allow this third type of impeachment—all those little lies out on the street that paint a picture of a generally untruthful person. The drafters of the original Texas Rules of Evidence, both Civil and Criminal, considered this 'greasy kid stuff' that was all too likely to distract the jury from its proper function and take up more time than the proposition was worth. It was basically character assassination. Under [Rule 608(b)], it is prohibited. A fourth, entirely distinct, way of showing that a person is *generally* [13] unworthy of belief is to prove that he has previously been convicted of a felony or certain misdemeanor offenses which presumably reflect upon his character for truthfulness. That general mode of impeachment is covered by Rule 609 with all its caveats. Each of the four major modes of impeachment for general lack of credibility is governed by the specific evidentiary rules and/or precedent relating to those specific modes.

> "[Rule 612(b)] deals with any (sic) entirely different type of impeachment.[14] Under this mode of impeachment, the fact witness might be the Pope or George Washington, or some other witness known far and wide for his probity, general honesty and truthtelling. But, for some unique, special reason, he might have a particular reason to slant his testimony, unconsciously or con-

---

9. The record also indicates the trial court apparently understood that Rule 608(b) and Rule 612(b) serve different purposes when it overruled appellant's Rule 608(b) objection and admitted the evidence under Rule 612(b) to show "bias and motive."

10. Emphasis in Original.

11. Emphasis in Original.

12. Emphasis in Original.

13. Emphasis in Original.

14. Emphasis Supplied.

sciously, for or against one party. Surely, if the defendant in a criminal case were the Pope's mother, bodyguard, banker, or favorite Archbishop, the jury is entitled to know that fact since it is a possible reason for the Pope to be a slightly less neutral observer in this case than in some other trial. For this reason, the right to impeach for bias and motive is especially significant in American jurisprudence.

"Under [Rule 612(b)], we still follow 'Queen Caroline's Rule.' That is, in Texas we are still gentlemen and require the cross-examiner to ask the witness about the facts which might give rise to the motive or bias. We must ask the Pope, 'Isn't it true that the defendant is your mother, bodyguard, banker or favorite Archbishop?' But that is all. It gives him an opportunity to deny, admit, or explain the factual basis for his possible bias. If the potential bias concerns a specific event or prior statements the witness has made, then we must also tell him where and when, and, if a statement, to whom the statement was made. *Thus, [Rule 612(b)] deals with a specific reason why a witness might slant or shade the truth in this one instance while [Rule 608(b) deals] with the witness who, it is asserted, does not tell the truth as a general proposition. The rules do not deal with the same type of impeachment and should be considered as distinct and independent."* [15]

■ In this case appellant objected to the prosecution's cross-examination of Pelfrey under Rule 608(b) immediately before Pelfrey was called to the stand. *Dixon,* 955 S.W.2d at 899. The basis of appellant's Rule 608(b) objection was that only "final felony convictions may be used to impeach testimony." The trial court permitted the cross-examination under Rule 612(b) to show "bias and motive" which effectively was a ruling sustaining appellant's Rule 608(b) objection. *Dixon,* 955 S.W.2d at 899. Appellant made no further

objection except for another general objection during the prosecution's cross-examination of Pelfrey which the trial court overruled "for the reasons stated previously." *Dixon,* 955 S.W.2d at 899. On appeal appellant claimed the trial court erred to permit the cross-examination under Rule 612(b). *Dixon,* 955 S.W.2d at 899.

On this record appellant failed to preserve the Rule 612(b) issue for appeal because his appellate complaint does not comport with his trial objection. See *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Cr.App.1995) (to preserve error for appellate review, complaint on appeal must comport with objection at trial, and an objection stating one legal theory may not be used to support a different legal theory on appeal); Tex.R.App.Proc. 52(a) (to preserve complaint for appellate review, party must, among other things, present an objection stating the *specific* grounds for the ruling he desires). Based on the foregoing discussion about the distinct and different purposes served by Rule 608(b) and Rule 612(b), appellant's Rule 608(b) objection that "only final felony convictions may be used to impeach testimony" failed to articulate any kind of an objection under Rule 612(b). See *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Cr.App.1992) (when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost).

In addition, the trial court effectively sustained appellant's Rule 608(b) objection when it initially permitted the prosecution's cross-examination under Rule 612(b) to show "bias and motive" and then later overruled appellant's general objection again "for the reasons stated previously." *Dixon,* 955 S.W.2d at 899. In other words, the trial court, recognizing the distinct and different purposes served by Rule 608(b) and Rule 612(b), agreed with appellant that the prosecution's cross-examination of

**15.** Emphasis Supplied.

Pelfrey was impermissible under Rule 608(b). After this, appellant pursued no other objection or complaint to an adverse ruling. See Rule 52(a) (to preserve complaint for appellate review, party must, among other things, obtain a ruling on his objection); cf. *Cockrell v. State*, 933 S.W.2d 73, 88–89 (Tex.Cr.App.1996), cert. denied, 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (to preserve appellate complaint about jury argument, party must pursue objection to an adverse ruling). On this record, appellant received all the relief he specifically requested when the trial court effectively sustained his Rule 608(b) objection. Cf. *Cockrell*, 933 S.W.2d at 88–89.

The judgments of the Court of Appeals are affirmed.

PRICE, J., filed a concurring opinion in which MEYERS and JOHNSON, JJ., joined.

PRICE, J., delivered a concurring opinion in which MEYERS and JOHNSON, J.J., joined.

I concur only in the judgment. I write separately to explain my reasons for doing so. After having had the opportunity to reexamine the record on rehearing, I agree with the majority's holding that appellant failed to preserve error under Criminal Rule 612(b)[1] (now Tex.R. Evid. 613). During the guilt-innocence phase of trial, appellant called Elmer Pelfry as a witness. At the time, Pelfrey was under indictment for two felonies pending in the same court as the instant case. Before Pelfrey testified, his attorney, Bradford Shaw, presented the following motion:

> MR. SHAW: My name is Bradford Shaw. I'm an attorney for Elmer Pelfrey. He has been charged with two felony indictments in this particular Court, and I would motion the Court, at this time, to enter an order prohibiting the State's attorneys from asking him any questions concerning his guilt in these two offenses that are currently pending, based on his Fifth Amendment rights and under Article 1, Section 10 of the Texas Constitution.

> That would also include asking whether or not he is charged with these offenses. As you are well aware, he presumed to be innocent, and that the rules of evidence provide that a person may be—testimony may be impeached by the admission or the asking of a felony conviction. And in this instance, he has not been convicted. These cases are pending. We would ask the Court enter an order in accordance with my request.

> THE COURT: I will order the State not to ask him anything factually about the charges against hem as far as guilt-innocence or anything like that. So that portion of your request is granted.

> I will deny your request—I think that under bias and motive, they can go into the fact that he does have pending charges against him.

> So that is the order of the court. Anything further?

Following the trial court's ruling, appellant's attorney then proceeded to conduct direct examination of Mr. Pelfrey. Upon cross-examination, the State attempted to question Pelfrey regarding his two pending charges. At this point, appellant's counsel objected, stating, "I'm going to object to that Your Honor." The Court again overruled the objection, explaining, "For the reasons stated previously, I will overrule the objection."

Throughout this entire colloquy, neither the trial judge nor appellant ever cited any specific rules of evidence. However, a close reading of the record supports the conclusion that while appellant's objection to evidence of "pending cases" relied upon Rules 608(b) and 609, the trial court's deci-

---

1. The Texas Rules of Criminal Evidence are now merged with the civil rules and are simply referred to as the Texas Rules of Evidence.

sion to overrule the objection "under bias and motive" was based on Texas Criminal Evidence Rule 612 (now Tex.R. Evid. 613). Therefore, when the trial court indicated that it would allow the evidence of Pelfrey's pending charges to show bias and motive, appellant's counsel should have registered another objection arguing that the evidence was also inadmissible to show bias and motive. Because he did not, he failed to preserve error under Rule 612. Admittedly, this is a thin distinction, but one that is proper nonetheless.

However, due to the fact that we are affirming the Court of Appeal's holding that appellant failed to preserve error, it is unnecessary to address the remaining grounds in the State's motion for rehearing. Therefore, the majority's criticisms of the December 16, 1998, opinion are unwarranted.

For the foregoing reasons I concur in the judgment of the Court.