# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00601-CR

**Osvaldo Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2031513, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Osvaldo Garcia guilty of assaulting a peace officer with a deadly weapon and assessed a ten-year prison term. *See* Tex. Pen. Code Ann. § 22.02(a)(2), (b)(2) (West Supp. 2004). In two points of error, appellant complains that the officer interjected irrelevant and prejudicial facts during his testimony. We will overrule these points and affirm.

Austin Police Officer Scott Lando responded to a noise complaint at 11:30 p.m. When he arrived at the suspect location, he saw three persons in a car. Suspecting that they were attempting to steal the car, Lando drew his weapon and ordered the driver to put his hands in the air. The driver, identified as appellant, did not comply with this order. Instead, he accelerated the car and drove directly at the officer. Lando testified that he would have been struck by the car had he not jumped out of the way.

Officer Lando was asked if he was familiar with the address to which he had been dispatched. He replied, "Yes, I am, that is a very familiar address to me. It's a known gang house."

Appellant objected that this remark was irrelevant and inflammatory. The State responded that the fact was relevant to explain why the officer approached the address in the manner he did. The court ruled, "I'll sustain the objection. Let's move on." No further relief was requested.

Later in his testimony, Lando was asked what he did after seeing the people in the car. In the course of his answer, the officer said, "At the same time I started to pull my weapon from its holster, because if it is an auto theft in progress and this area that I know so well and the subjects that I know so well in that area — ." Appellant objected that "the officer wants to tell us over and over and over again what a bad neighborhood this is." The court responded, "All right. Resustaining the objection." Once again, no further relief was sought.

In order to preserve a complaint for appeal, a party must make a timely objection, request, or motion and obtain an adverse ruling. Tex. R. App. P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). In this cause, appellant's objections to the officer's statements were sustained, and he neither asked for an instruction to disregard nor moved for a mistrial. Having failed to pursue his objections to an adverse ruling, appellant presents nothing for review.

The points of error are overruled and the judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: July 29, 2004

Do Not Publish

2