Affirmed and Opinion filed June 27, 2006









Affirmed
and Opinion filed June 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01078-CR

____________

 

CHRISTOPHER
LAWAYNE COTTON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1016230

 



 

O P I N I O N

Appellant, Christopher Lawayne Cotton,
appeals after a jury convicted him of murder and assessed a punishment of
twenty-two years= incarceration in the Texas Department of
CorrectionsCInstitutional Division.  In his sole point of error, appellant
contends that the trial court erred in admitting evidence of an extraneous
offense.  We affirm.

Background








On February 9, 2005, appellant visited
Erica Johnson=s apartment.  Decedent Carson Jones, Jr. and several other
men were at Johnson=s apartment when appellant arrived.  Johnson testified that appellant became upset
after learning that she had taken his cell phone.  An altercation ensued, and a man named Christopher
Taylor shoved appellant.  According to
Johnson, appellant then produced a gun and began shooting at Jones; one of the
shots grazed Jones= head. 
Appellant ran outside, pursued by the other men.  Appellant fired two more shots outside, then
ran back inside the apartment and fired two final shots at Jones.  While appellant=s testimony
essentially corroborated Johnson=s account of the
shooting, appellant also testified that Taylor had a gun and threatened to kill
him, thereby prompting him to act in self-defense.  According to medical examiner Dr. Roger
Milton, Jr., Jones died from gunshot wounds to the head, chest, and abdomen. 

Appellant was charged with murder.  A jury found him guilty and assessed a
punishment of twenty-two years= incarceration. 

Analysis

On appeal, appellant argues that the trial
court erred in allowing the State to question him about an extraneous offense
because its prejudicial effect outweighed its probative value and appellant did
not Aopen the door.@  Appellant has failed to preserve any error
for appellate review.

It is unclear from appellant=s brief which extraneous offense
forms the basis of his appeal.  Appellant
complains that the State undermined his credibility by Aimproperly rais[ing] an extraneous
offense, specifically one that involved the discharge of a firearm.@ 
However, he also mentions the State=s questions regarding an alleged
prior kidnapping.  Accordingly, we will
discuss both of these extraneous offenses. 

The first extraneous offense is an alleged
kidnapping.  On cross-examination, the
prosecutor asked appellant: AYou didn=t want to tell the
police what happened because you knew you were guilty of coldblooded [sic]
murder, right?@ 
Defense counsel objected to the question as argumentative, but the trial
judge told appellant:  AYou can answer it.@  Appellant testified as follows:








[Appellant]:  No ma=am.  I was just
scared of the fact because they said I was armed and dangerous, which I wasn=t even armed at all and I=m not a dangerous person.

[Prosecutor]:  You=re not a dangerous person?

[Appellant]:  No, ma=am.

[Prosecutor]:  Now, that is not really true, is it, because
you kidnapped Erica Johnson before, right?

[Appellant]:  No, ma=am.

[Prosecutor]:  You didn=t make her take her clothes off and get into the trunk of a
car because you were mad at her?

[Appellant]:  No, ma=am.

[Prosecutor]:  October 30 of 2004?

[Appellant]:  No, ma=am.

[Prosecutor]:  And you andC

[Defense
Counsel]:  May we approach.

At the bench conference, defense counsel
objected that the prosecutor could not Alead a defendant
into an area, get him to say things and then turn around and introduce
extraneous  offenses.@ He argued that
the prosecutor=s Awhole area of
questioning@ was designed to introduce the extraneous
offense and that appellant Adidn=t open the door.@  The judge stated that A[c]learly if
questions were . . . asked to try to draw [appellant] into such an area, then I
would sustain an objection,@ but he asserted
that appellant had volunteered the information that he was not dangerous.  Defense counsel simply responded: AOkay.@

The second extraneous offense involved
discharging a firearm.  After the bench
conference, the cross-examination continued as follows:

[Prosecutor]:  Now, in fact, Mr. Cotton, you are dangerous,
aren=t you?

[Appellant]:  No, ma=am.

[Prosecutor]:  Isn=t it true that on August 11, 2003, you discharged a firearm
in the direction of Shalanda . . . Gatlin?

[Appellant]:  No, ma=am.

[Prosecutor]:  All right. 
So you didn=t call the police because they were
calling you armed and dangerous, right?








[Appellant]:  Yes, ma=am.

Appellant has failed to preserve any error
for appellate review.  To preserve error,
the complaining party must make a timely, specific objection.  Tex.
R. App. P.  33.1(a)(1);  Dixon v. State, 2 S.W.3d 263, 265
(Tex. Crim. App. 1998).  The objection
must be made at the earliest possible opportunity and the complaining party
must obtain an adverse ruling from the trial court.  Tex.
R. App. P. 33.1(a)(2); Dixon, 2 S.W.3d at 265.   The point of error on appeal must correspond
to the objection made at trial.  Tex. R. App. P. 33.1(a)(1)(A); Dixon,
2 S.W.3d at 265.

Defense counsel=s sole objection
during the cross-examination was to argumentative questioning; counsel made no
reference to Aopening the door@ until after the
State had asked several questions and elicited answers from appellant regarding
the alleged kidnapping.  Similarly,
counsel made no objection when the prosecutor asked about the firearm
incident.  Thus, counsel failed to timely
object to the extraneous offenses. 
Because counsel did not object under Texas Rules of Evidence 403, 404,
or 609 regarding either offense, appellant cannot raise these issues on
appeal.  See Tex. R. App. P. 33.1(a)(1)(A).  We overrule appellant=s point of error
and affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Opinion filed June 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).