**AFFIRM; and Opinion Filed May 2, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00076-CR

### OLIVIA ANN COATS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MB09-58012-K**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill and Murphy
Opinion by Justice O'Neill

Appellant Olivia Ann Coats was charged with misdemeanor driving while intoxicated. A jury found her guilty, and the trial court sentenced her to 180 days confinement, probated for eighteen months, and a $1,000.00 fine. On appeal, she argues the trial court erred by failing to question one of the jurors regarding his knowledge and opinion of a witness he knew to determine whether he could be fair and impartial. She also contends the trial court erred by refusing to allow defense counsel to impeach the complainant with proof of a false injury claim. We affirm the trial court's judgment. Because the factual background involving the DWI is not relevant to disposition of the appeal and the parties are familiar with the facts, we need not recite them here. TEX. R. APP. P. 47.1.

## Juror Questioning

In her first issue, appellant contends the trial court abused its discretion by failing to thoroughly question juror White, the jury foreman and a Dallas police officer, to determine whether he could be impartial because he knew the State's main witness, Officer Bret Tate.

The record shows the trial judge called White into the courtroom to discuss whether he knew any of the State's witnesses. The exchange outside the presence of the jury was as follows:

> **The Court:** I just want to ask you a question. You work for the Dallas Police Department; is that correct?
>
> **Juror Mr. White:** Yes, ma'am.
>
> **The Court:** I just want to go over a list of witnesses. Officer Foreman, Officer Bret Tate, Officer Gillespie testified yesterday— and Officer Gonzales. Do you know Officer Foreman and Gonzales?
>
> **[Prosecutor]:** I think it's Ryan Gillespie and maybe Steven Foreman.
>
> **The Court:** We're going to find out.
>
> **[Prosecutor]:** Judge, it would be Steve Foreman, Margarito Gonzales, and Ryan Gillespie and Bret Tate.
>
> **The Court:** They are with the Dallas Police Department. If you know any of them, would that have any influence on your verdict?
>
> **Juror Mr. White:** No.
>
> **The Court:** You will decide this case based on the evidence you see?
>
> **Juror Mr. White:** Yes.

**The Court:** Thank you.  You may go back out.

**[Defense Counsel]:** Thank you, officer.

To preserve a complaint for appellate review, a party must present a timely, specific objection at trial.  TEX. R. APP. P. 33.1; *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  The objection also must be made at the earliest possible opportunity.  *Dixon*, 2 S.W.3d at 265.

Appellant complains the trial court's "cursory questions did nothing to determine the extent of the relationship or friendship of White with any of his fellow officers who testified at trial."  However, the official transcript before us does not reflect defense counsel objected to the trial court's "cursory questioning" or that defense counsel requested to ask White further questions.  Thus, she failed to preserve her complaint for review.  TEX. R. APP. P. 33.1.

While we acknowledge the motion for new trial hearing contains testimony insinuating the court reporter may not have transcribed this portion of the record accurately, appellant has not complained on appeal that (1) the record is inaccurate under appellate rule 34.6(e), or that (2) the trial court erred by denying her motion for new trial.  Accordingly, appellant's first issue is overruled.

## Impeachment

In her second issue, appellant alleges the trial court abused its discretion by failing to allow her to impeach the complainant with proof of a false injury.  The record before us does not support her claim.

Peter Marino, the complainant, testified during trial.  He claimed that he suffered a torn bicep as a result of the accident with appellant.  On cross-examination, appellant questioned him regarding his injuries, and Marino admitted he had been injured before in an unrelated assault.

Marino also admitted he did not tell any of the officers at the scene he was injured. However, nothing in the trial record indicates appellant tried to impeach Marino by introducing his medical records, and that the trial court denied her attempts.

The trial court cannot abuse its discretion by excluding evidence that was never presented to it. *See, e.g., Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (a trial court's decision to admit or exclude evidence is reversed only if that decision is clearly wrong and outside the zone of reasonable disagreement); TEX. R. APP. P. 33.1. Moreover, as noted above, appellant has not raised an issue on appeal challenging the accuracy of the record. *See* TEX. R. APP. P. 34.6(e). Further, any argument or objection in her motion for new trial is untimely. *Soloman v. State*, No. 05-96-01246-CR, 1998 WL 252149, at *3 (Tex. App.—Dallas May 20, 1998, no pet.) (not designated for publication). Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

Do No Publish
TEX. R. APP. P. 47

120076F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Olivia Ann Coats, Appellant

No. 05-12-00076-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas
Trial Court Cause No. MB09-58012-K.
Opinion delivered by Justice O'Neill, Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of May, 2013.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE