

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00313-CR

**BYRON ANDRE CARROLL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 21-00992-CRF-361**

## MEMORANDUM OPINION

Bryon Andre Carroll was convicted of theft, under $2,500 with two or more previous convictions and sentenced to eight years in prison. Because Carroll's issue on appeal does not comport with the objection raised at trial, the trial court's judgment is affirmed.

Carroll was caught shoplifting from a Target store. He was spotted by an asset protection leader as soon as he walked in the store. The leader testified that he did not approach Carroll because Carroll was a repeat offender and "when there's somebody that

steals frequently," it is better to have law enforcement involved.

During the State's argument, the prosecutor stated:

> How in 21 seconds can you identify a person who just walked in your store? Because he recognized him. Because what Adam Smart said on the stand was that he steals frequently and he's a repeat subject.

Carroll objected, stating: "Object to improper conclusion of testimony. I believe the testimony that he just testified as to were Target regulations, not as to this defendant." In other words, Carroll complained that the State mischaracterized Smart's testimony. The objection was overruled. On appeal, Carroll contends the trial court abused its discretion in overruling his objection because it interjected extraneous offense evidence which the State had been prohibited to introduce.

Rule 33.1 applies to objections to jury argument. *See Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); TEX. R. APP. P. 33.1(a). To preserve a complaint for appellate review, the issue on appeal must comport with the objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). "[A]n objection stating one legal theory may not be used to support a different legal theory on appeal." *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh'g). Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Carroll did not complain at trial that the State sought to introduce extraneous offense evidence through its argument to the jury. Rather, he asserted that the State mischaracterized the witness's testimony. Thus, Carroll's issue on appeal does not comport with the objection made at trial, preserves nothing for review, and is overruled.

Having overruled Carroll's sole issue, the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed January 4, 2023
Do not publish
[CR25]

