**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00322-CR**
_____

**LARRY DEAN COLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-12-17156-CR**

**MEMORANDUM OPINION**

In two issues, Larry Dean Cole challenges his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B). We hold the trial court did not abuse its discretion in denying Cole's Motion for Change of Venue and in admitting evidence of Cole's extraneous offenses. For the reasons discussed below, we affirm the judgment of the trial court.

## Background[1]

In March 2022, a Montgomery County, Texas grand jury indicted Cole for one count of aggravated sexual assault of a child, a first-degree felony. *See id*. A jury convicted Cole, and the trial court sentenced him to life imprisonment.

Cole challenges his conviction on appeal in two issues and argues the trial court erred by denying his motion for a change of venue and admitting testimony regarding extraneous offenses at trial.

## Standard of Review

We review a trial court's denial of a motion for change of venue and its rulings under the rules of evidence for an abuse of discretion. *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006) (outlining standard of review for admission of evidence); *DeBlanc v. State*, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990) (stating standard of review for motion to transfer venue). If the ruling is within the zone of reasonable disagreement, the trial court does not abuse its discretion. *See Page*, 213 S.W.3d at 337 (discussing in the context of the admission of evidence); *Gonzalez v. State*, 222 S.W.3d 446, 449 (Tex. Crim. App. 2007) (discussing in the context of a motion to transfer venue).

---

[1]We limit our discussion of background facts to those necessary to the appeal's resolution. *See* Tex. R. App. P. 47.1 (requiring an appellate court to hand down an opinion as brief as practicable but that addresses every issue raised and necessary to the appeal's resolution).

**Analysis**

In his brief, Cole argues that it was error for the trial court to deny his Motion to Change Venue, and because the State only provided one affidavit, the preponderance of the evidence was in Cole's favor. Cole argued that it is improbable that he received a fair and impartial trial, and denial of his Motion to Change Venue was a violation of state law and the 14th Amendment.

The relevant portion of article 31.03 provides:

(a) A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial;

2. That there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial.

*See* Act of January 1, 1966, 59th Leg. R.S., ch. 722, art. 31.03, 1965 Tex. Gen. Laws 439, 439-40, *repealed by* Act of May 17, 2023, 88th Leg. R.S., ch. 765, sec. 3.001(6), 2023 Tex. Gen. Laws 1839, 1976 (currently codified at Tex. Code. Crim. Proc. Ann. art. 31A.004).

The State may challenge the defendant's motion by attacking the defendant's affiants' credibility or their "means of knowledge[]" through an "affidavit of a

3

credible person." *See* Act of January 1, 1966, 59th Leg. R.S., ch. 722, art. 31.04, 1965 Tex. Gen. Laws 439, 439-40 (repealed 2023) (currently codified at Tex. Code Crim. Proc. Ann. art 31A.005). "The purpose of the controverting affidavit is to provide a form of pleading which establishes that there is a factual dispute in need of resolution." *Burks v. State*, 876 S.W.2d 877, 890 (Tex. Crim. App. 1994) (citation omitted). "The defendant seeking a change of venue bears the heavy burden to prove the existence of such prejudice in the community, that the likelihood of obtaining a fair and impartial trial is doubtful." *Renteria v. State*, 206 S.W.3d 689, 709 (Tex. Crim. App. 2006) (citing *DeBlanc*, 799 S.W.2d at 704).

Here, approximately one week prior to trial, Cole filed a Motion for Change of Venue. In the Motion, Cole asserted that he cannot obtain a fair and impartial trial in Montgomery County because photos of Cole from 2017 to present were posted on a Facebook page and included allegations against Cole that also date back to 2017. The page encouraged people to contact the State's Assistant District Attorney if they or their family members had out-of-the-ordinary interactions with featured individuals. Included with the Motion were three affidavits. The first affidavit was that of Cole and stated that the trial should be moved to Brazos County because "[h]undreds of people [] viewed the Facebook posts and will make up or could make the venire panel of potential jury in this matter." The two additional affidavits are from Mike Johnson and Joe Capers and are identical affidavits that support Cole's

4

argument that based on the Facebook page he would be unable to obtain a fair and impartial trial in Montgomery County.

The State filed its response and included controverting affidavits and a request to reopen evidence for a hearing. In its response, the State argued that Cole has failed to show pervasive publicity in Montgomery County based on a single Facebook page. According to the State, Cole failed to show the extent, if any, the Facebook page has permeated the community in Montgomery County and has not shown if those that have viewed the page are Montgomery County citizens. The State argued that Cole only presented speculation about any influential persons combined against him.

The State included two identical controverting affidavits. The first affidavit was from Brent Stewart, an investigator at the Montgomery County District Attorney's Office, and the other from David Stovall, a sergeant investigator at the Montgomery County District Attorney's Office. Both stated that Cole's venue request, made less than a week before trial, does not allege that the Facebook page was previously unknown to him and is for the purpose of delay. Stewart and Stovall believed that Cole's supporting affidavits were biased based on the affiants' relationships with Cole. Both stated that Montgomery County citizens' merely viewing the Facebook page does not support a change of venue and that even if citizens have viewed the page, they would only constitute a small percentage of

potential voir dire members. They further believed that the voir dire process is adequate to assess whether any panel members have seen the Facebook page and whether they can be fair and impartial jurors.

At the hearing on the Motion, counsel for Cole did not make an argument beyond the written Motion. The State noted the controverting affidavits that opposed a change of venue and stated that Cole's argument that he could not receive a fair trial is based on a Facebook page posted many years ago in response to his first trial. The State argued that Cole could receive a fair trial and that the jury selection process would properly remove those that may have seen the Facebook page. Counsel for Cole responded that they were going to have a tough time picking a jury because of this issue. The trial judge expressed doubts but indicated a change of venue could be made if publicity caused a problem when trying to pick a jury. The trial judge then denied Cole's Motion to Change Venue.

During voir dire, the trial judge introduced all parties including Cole to the jury panel and asked if any recognized any of the individuals introduced. None of the jury panel members indicated that they recognized Cole, his counsel, or counsel for the State.

Having considered the Motion to Change Venue, the State's Response, the supporting and controverting affidavits, the argument at the hearing, and the trial judge's questioning of the jury panel members, we conclude that Cole failed to carry

his burden to show that "pervasive, prejudicial, and inflammatory" publicity would prevent him from obtaining a fair trial by an impartial jury. *See Tracy v. State*, 597 S.W.3d 502, 509–11 (Tex. Crim. App. 2020) (citation omitted); *Colone v. State*, 573 S.W.3d 249, 257 (Tex. Crim. App. 2019) (citation omitted). We overrule Cole's first issue.

In his second issue, Cole argues that the trial court erred in admitting evidence of extraneous offenses at trial as these offenses do not help to prove he committed the charged offense. Cole argues that evidence of an extraneous offense is not admissible unless it is relevant to the material issue in the case and the relevancy outweighs its inflammatory or prejudicial potential.

At trial, the trial judge conducted a 38.37 hearing on extraneous conduct outside the presence of the jury. At the hearing, three witnesses testified that they were sexually assaulted by Cole, and Investigator Steward testified that Cole previously pleaded guilty to two counts of indecency with a child in 2017.

At the conclusion of the hearing, the State argued that the testimony of the four witnesses is relevant under 38.37 as extraneous offenses since it demonstrates that Cole's behavior towards the boys is consistent and shows conformity with the character of Cole as it relates to the charged offense. Counsel for Cole argued that the evidence submitted is insufficient to prove the relevant matters including Cole's character or to show conformity with a particular trait or character. The trial judge

7

ruled that "the statute is written to support the admission of these type[s] of extraneous conduct in these types of cases, so I'm going to allow the testimony." As a result, during trial, the jury heard testimony from the four witnesses about Cole's past conduct.

To preserve error for appellate review, a complaining party must make a timely and specific objection. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts require that points of error on appeal correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241 (citations omitted); *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

On appeal, Cole argues that Rule 404 prohibits the circumstantial use of character evidence, which is the case in the extraneous evidence admitted at trial. However, we need not consider whether the evidence was admissible under Rule 404, Texas Rules of Evidence, because the evidence was admissible under 38.37. *See* Tex. Code Crim. Proc. Ann. art. 38.37. Article 38.37, entitled "Evidence of Extraneous Offenses or Acts," is an evidentiary rule applicable to certain types of

8

sexual abuse cases including sexual assault of a child, indecency with a child, and continuous sexual abuse of a child. *Id.* art. 38.37 § 1(a), (b), § 2(a)(1)(E). Because Cole's 404 complaint on appeal does not comport with his article 38.37 objection made in the trial court, Cole failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Ibarra*, 11 S.W.3d at 197; *Dixon*, 2 S.W.3d at 273; *Wright*, 154 S.W.3d at 241. To the extent Cole argues that the probative value of the evidence was outweighed by the prejudicial and inflammatory character of the evidence, Cole also failed to make a Rule 403 objection, and it is also waived. *See* Tex. R. App. P. 33.1(a) We overrule issue two.

## Conclusion

Having considered Cole's arguments and overruled his issues, we affirm the judgment of the trial court.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on June 9, 2025
Opinion Delivered October 22, 2025
Do Not Publish

Golemon, C.J., Johnson and Chambers, JJ.