In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01131-CR
____________

PETER PAUL WALKOVIAK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 907876



 
MEMORANDUM OPINION
               Appellant, Peter Paul Walkoviak, was convicted by a jury of possession of
less than one gram of heroin. The jury assessed his punishment at 20 years’
imprisonment and a $5,000 fine. In six points of error, appellant contends that (1) the
hypothetical scenario used by the trial court regarding punishment during voir dire
tainted the venire panel, denying appellant a fair and impartial jury; (2) the State’s
reference during closing argument to this hypothetical scenario was reversible error;
(3) the evidence was legally and factually insufficient to sustain his conviction
because the State failed to affirmatively link appellant to the contraband by showing
that he was aware of, and exercised control over, the contraband. We affirm.

Facts

               Appellant, his wife, his brother, and his brother’s girlfriend were sitting in
appellant’s car, parked outside a Houston-area Home Depot at around 7:30 p.m. 
Appellant was in the driver’s seat, his brother was in the front passenger seat, and the
women were in the back seat. Darrell Williams, an off-duty police officer working
as a security guard for Home Depot, spotted the car and watched it for about five
minutes. When no one got into or out of the car during that time, Williams decided
to investigate. He walked over to the car, looked inside, and saw that both appellant
and his brother had syringes in their laps. As Williams watched, appellant held a
spoon with a brown liquid in it as his brother held a lighter underneath the spoon. 
After one of the car’s occupants saw Williams and alerted the others, all of them
appeared to be startled. Williams jumped back, drew his gun, ordered everyone to get
out of the car, and called for backup. When another officer arrived at the scene,
Williams gave her a plastic bag and a spoon he had recovered. Both the bag and the
spoon tested positive for traces of heroin. In addition, the officers found syringes
throughout the car, drug paraphernalia in a pocket on the driver’s side door, a
marijuana joint, and cocaine residue. 

               Appellant’s wife told a different version of the events. She testified that
she, appellant, and the brother’s girlfriend all went into the Home Depot while
appellant’s brother remained in the car. When the three of them returned to the car,
they discovered appellant’s brother using drugs; appellant became upset and was
trying to get rid of the drug paraphernalia when the officer approached the car. 
Appellant’s brother reiterated this story, and insisted that appellant knew nothing
about his having drugs in the car.

Trial Court’s Comments to Venire Panel

               In his first point of error, appellant complains that the jury was tainted by
the trial court’s use of a hypothetical with facts “virtually identical” to those in this
case. The State contends that appellant waived the error because he did not instantly
object, and because the error complained of in the trial court is not the same error
raised on appeal. Assuming, without deciding, that appellant preserved error, we will
address the merits of appellant’s argument.


 

 
               Standard of Review

               A trial court should not make a comment that conveys to the jury the court’s
opinion of the case before it. Tex. Code Crim. Proc. Ann. art. 38.05(Vernon 2004). 
However, the court has the right to try to qualify the venire panel and to determine
whether it would be able to follow the law and consider the entire range of
punishment. Gardner v. State, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987). It is
permissible to use a hypothetical situation to explain the application of the law, but
improper to ask how the potential jurors would respond to the particular
circumstances presented in the hypothetical. Heiselbetz v. State, 906 S.W.2d 500,
511 (Tex. Crim. App. 1995). The court abuses its discretion only when its comments
are reasonably calculated to benefit the State or prejudice the defendant. Ford v.
State, 14 S.W.3d 382, 393 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing
Gardner, 733 S.W.2d at 210). 

               Analysis

               The trial court was attempting to qualify the venire members by asking them
whether they could consider the full range of punishment for possession of less than
one gram of a controlled substance, 6 months to 2 years if no enhancements, or 2 to
20 years with enhancements. Several jurors had stated that they would be unable to
consider any punishment, even the minimum 6 months, for possession of that amount
of a controlled substance. Following this exchange, the prosecutor asked whether the
members of the venire could consider the maximum punishment of 20 years. When
a juror stated that he did not think he could sentence someone to 20 years, the court
intervened and began to question the venire members about whether they could ever
sentence someone to 20 years; several stated they could not consider the maximum
punishment under any circumstances. At that point the court made the comments
appellant complains about:

THE COURT: No matter what the facts are. Ya’ll aren’t using your
imagination very well because you know I’ve already told you the State
could put on any – all kind of evidence, anything that’s relevant to
punishment. What if you convicted him of possession less than a gram but
then in the punishment phase you hear testimony that he’s been to the
penitentiary 3 times before and he goes around to elementary schools and
tries to inject children with Heroin and get them addicted to Heroin and
never prosecuted for that but then you have evidence to that and he’s a
horrible person and done all these bad things could you never consider 20
years? I mean can you imagine that you might?

               At the conclusion of the trial court’s remarks, the prosecutor polled the
potential jurors who had previously stated that they could never assess the maximum
punishment, and each affirmed his prior statement. Appellant’s trial counsel moved
to quash the jury “because I believe that when [the Court] stated it — gave the fact
situation somebody injecting children with Heroin, been in the penitentiary 2 or 3
times I believe that the Court has tainted the jury.” The court denied the motion and
proceeded with voir dire.


               Appellant contends that the hypothetical used was virtually identical to the
facts of his case. The record does not bear out this argument. Appellant was in a car
with three other adults, and was not in the vicinity of a school. He certainly was not
in a school yard injecting children with heroin, nor was there testimony at the guilt-innocence or punishment phase indicating that he was a “horrible” person. The only
similarity between the hypothetical scenario and appellant’s history was that he had
been in the penitentiary six times, while the trial court hypothesized a person who had
been in the penitentiary three times. The trial court made it clear that it was
employing a hypothetical situation and did not attempt to tie it to appellant or ask the
venire members to commit to those hypothetical facts. In addition, appellant
stipulated to his previous felony convictions for drug possession, forgery, burglary,
and murder.

               Given the dissimilarities between the hypothetical and actual situation, the
use of obvious hyperbole, and appellant’s stipulations, we are not persuaded that the
trial court’s comments were reasonably calculated to, or did, benefit the State or
prejudice the defendant. Accordingly, we hold that the trial court did not abuse its
discretion in denying appellant’s motion to quash. 

               We overrule the first point of error.

Jury Argument

               In his second point of error, appellant contends that the State’s reference in
closing argument to the hypothetical posed by the trial court was reversible error. 
Appellant objected at trial that the State’s remarks were inflammatory and outside the
record. On appeal, however, he argues that the State encouraged the jury to believe
that a 20-year sentence was appropriate, and concedes that his complaint on appeal
does not comport with the trial objection. 

               When the argument on appeal does not comport with the argument made at
trial, any error is waived. Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998).

               We overrule the second point of error.

Sufficiency of the Evidence

               In his third and fourth points of error, appellant contends that the State did
not affirmatively link him to the drugs; thus, he argues that the evidence was legally
and factually insufficient to sustain his conviction. In his fifth and sixth points of
error, appellant contends the State did not prove he had enough time to terminate his
control of his brother’s heroin as he was trying to get rid of it. We analyze points of
error three through six together.

               Proof of Possession

               To prove unlawful possession of a controlled substance, the State must
establish that the accused (1) exercised care, control, custody, or management over
the contraband, (2) was conscious of his connection with it, and (3) knew the matter
was contraband. Tex. Health & Safety Code Ann. §§ 481.002, 481.115 (Vernon
2003); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Roberson v.
State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). When,
as here, contraband is not found on the appellant’s person, the evidence must
affirmatively link it to the defendant so that it can be reasonably inferred he knew
about it and exercised control over it. Roberson, 80 S.W.3d at 735. 

               The factors that establish affirmative links include whether (1) the defendant
was present when the drugs were found; (2) the contraband was in plain view; (3) the
defendant was in proximity to the drugs and had access to them; (4) the defendant
was under the influence of drugs when arrested; (5) the defendant possessed other
contraband; (6) the defendant made incriminating statements when arrested; (7) the
defendant attempted to flee; (8) the defendant made furtive gestures; (9) there was an
odor of drugs; (10) the defendant owned or had the right to possess the place where
the drugs were found; (11) the drugs were found in an enclosed place; (12) the
amount of drugs found was significant; (13) the defendant possessed weapons; and
(14) the defendant possessed a large amount of cash. Hurtado v. State, 881 S.W.2d
738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Although courts
recognize many non-exhaustive factors that may constitute affirmative links, the
number of factors is not as important as the degree to which they, alone or together,
tend affirmatively to link the accused to the drug. Id. Evidence that affirmatively
links the accused to the drugs must establish a connection that was more than
fortuitous. Brown, 911 S.W.2d at 747. 

               Standard of Review

               We review the legal sufficiency of the evidence by viewing the evidence in
the light most favorable to the verdict to determine whether any rational fact finder
could have found the essential elements of the crime beyond a reasonable doubt. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). 

               We begin the factual-sufficiency review with the presumption that the
evidence supporting the jury’s verdict is legally sufficient. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral
light, and we will set the verdict aside only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof of beyond a reasonable doubt could not have been met. Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d at
482. Our evaluation may not intrude upon the fact-finder’s role as the sole judge of
the weight and credibility accorded any witness’s testimony. See Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines what
weight to give contradictory testimonial evidence because that question depends on
how the fact-finder evaluates credibility and demeanor. Id. at 409. As the determiner
of the credibility of the witnesses, the fact-finder may choose to believe all, some, or
none of the testimony presented. Id. at 407. 

               Evidence of Affirmative Links

               The crux of appellant’s challenge to the sufficiency of the evidence is
twofold: (1) it was “simply not credible for the officer to have been able to observe
precisely what was going on inside the vehicle” because it was nighttime, and,
therefore, the officer’s testimony was not sufficient to link appellant to the drugs; (2)
appellant did not have control over his brother’s heroin for a long enough period of
time that he could have terminated his control over it before being seen by the officer.

We reject both arguments. The State clearly established sufficient affirmative links.

               The record shows that appellant was present when the drugs were found; the
contraband was in plain view; appellant was in proximity to the drugs and had access
to them; the car contained other contraband and other drug paraphernalia; and
appellant owned the car in which the drugs were found. The officer testified there
was enough light for him to be able to see inside the car. He testified that he saw a
syringe in appellant’s lap and saw appellant holding a spoon while his brother held
a lighter underneath the spoon. The officer also testified that he watched the car for
five minutes before approaching it, which gave appellant more than enough time to
relinquish control of the heroin, if it had belonged only to his brother. The jury
clearly believed the officer’s testimony, not appellant’s wife’s and brother’s version
of the story, and we are not at liberty to substitute our judgment for that of the fact-finder. See Cain, 958 S.W.2d at 407.

               We hold that the evidence was both legally and factually sufficient to
affirmatively link appellant to the heroin. We overrule points of error three through
six.

Conclusion

               We affirm the trial court’s judgment.

 


                                                             Evelyn V. Keyes

                                                             Justice



Panel consists of Chief Justice Radack and Justices Keyes and Alcala.



Do not publish. Tex. R. App. P. 47.2(b).