IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1462-04






MICHAEL LEROY CAMERON, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW OF


CASE 07-03-0362-CR OF THE SEVENTH COURT OF APPEALS


MONTGOMERY COUNTY






 Per curiam.



 Before us is a petition for discretionary review from the appellant and a reply from the
State. We shall grant review, dispense with briefing, vacate the judgment of the Court of
Appeals, and remand the case to that court for reconsideration.

Trial


 The State accused the appellant of the offense of delivery of cocaine. Trial was by a jury.

 The State introduced the testimony of undercover officers. An officer said he told a
woman in a nightclub that he wanted cocaine. The woman made a telephone call. Before long,
the appellant came into the nightclub, looked at the woman, and went back out. The officers and
the woman went outside to a parking lot. The woman went to a pickup truck where the appellant
was standing. She got a package of cocaine from the appellant's hand, carried it to the officers,
and took the officers' money back to the appellant.

 The appellant introduced evidence that the parking lot was not well lighted. Then he
called a lawyer to testify. This prompted the prosecutor to approach the bench and ask, "Since
[the lawyer] was the previous attorney of record, I would just like to know what the heck we're
doing. This is his previous attorney who filed motions."

 The appellant's trial counsel told the court that the witness had seen a handwritten report
by one of the undercover officers that said the appellant's truck was a different color than the
color given in the officer's typed report.

 The trial court asked if the appellant was willing to waive his lawyer-client privilege.

 His counsel said he would.

 The State said, "He's got to waive it as to all aspects."

 The court said, "Exactly. I think that if he waives the attorney-client privilege you cannot
get to pick and choose as to what you get to say as to what areas you get to reveal. Once that
attorney-client privilege crack has been opened, it's a gate . I'll give you a minute to talk to
him."

 Defense counsel first said that he understood the State would "be allowed to go into any
conversations as well." But after he talked to his client, he told the court, "I don't believe that it
requires any type of waiver."

 The Court said, "Then I'm not going to let [the lawyer] testify. [He] cannot get on the
stand and testify as to work product in order to impeach testimony and yet not have a waiver of
attorney."

 The appellant made a question-and-answer record of the excluded evidence.

 The court said, "I'm not going to let you ask any questions."

 The jury found the appellant guilty. The trial court assessed punishment of twenty-five
years' imprisonment.

Court of Appeals' Decision


 The appellant's first point on appeal was that the trial court ruled in error because the
lawyer's testimony did not deal with any privileged communication between the lawyer and the
client. The court of appeals said:

 To preserve error for appellate review: (1) a party must make a timely,
specific objection; (2) the objection must be made at the earliest possible opportunity; (3) the complaining party must obtain an adverse ruling from the trial court;
and (4) the issue on appeal must correspond to the objection made at trial. See
Tex. R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Cr. App. 1998).
An objection is sufficient to preserve error for appellate review if it communicates
to the trial court what the objecting party wants and why the objecting party thinks
himself entitled to relief, and does so in a manner clear enough for the court to
understand the objection at a time when it is in the best position to do something
about it. See Lankston v. State, 827 S.W.2d 907, 909 (Tex. Cr. App. 1992). But
when it appears from the context that a party failed to fairly and effectively
communicate to the trial court the objection, its basis, or the relief sought, the
appellant's complaint has not been preserved. Id.

 Here, appellant initially stated that he was willing to waive the privilege to
allow Jones to testify and "underst[ood] they'll [the State] be allowed to go into
any conversations as well." Later, however, appellant suggested "I don't believe it
requires any type of waiver." That general statement was insufficient to apprize
the trial court of the basis of the specific objection he now advances on appeal. In
brief, appellant simply failed to inform the trial court in an effective and timely
manner of his objection and entitlement to relief; thus, he preserved no error for
review. Appellant's first issue is overruled.


Cameron v. State, 07-03-0362-CR (Tex. App. -- Amarillo August 16, 2004) (not designated for
publication).

Discussion


 In holding that the appellant had not preserved his point for review, the Court of Appeals
relied on the requirements of the rule for preserving complaints on appeal and decisions that
applied those requirements to a party's objections to evidence. Here the appellant was not
objecting; he was offering the evidence, and his opponent was objecting. The issue is whether the
offering party is required to tell the trial court not only that his opponent's objection is not
correct, but also why it is not correct.

 We believe that this case should be remanded to the Court of Appeals so that it may
consider the issue.

 Our recent decision of Reyna v. State, 168 S.W.3d 173 (Tex. Cr. App. 2005), may be
relevant. There we considered the applicability of the rule for error preservation to a complaint
by the party who offered evidence that was excluded. We said that "it is not enough to tell the
judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have
told the judge why the evidence was admissible." Id. at 177.

 The judgment of the Court of Appeals is vacated, and the case is remanded to that court
for reconsideration.

 

En banc.

Delivered: October 19, 2005 

Do not publish.