Affirmed and Memorandum Opinion filed March 16, 2006









Affirmed and Memorandum Opinion
filed March 16, 2006.

 



 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00399-CR

____________

 

RAY
STUART GARCIA, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

_____________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 967,665

 

_____________________________________________________

 

 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant Ray Stuart Garcia of aggravated assault with a deadly
weapon and sentenced him to sixty-five years confinement in the Texas
Department of Criminal JusticeBInstitutional
Division.  In two issues, appellant
contends the trial court erred by allowing (1) a witness to testify regarding a
threatening phone call she received from a third party, and (2) the State to
impeach his testimony with evidence of a prior conviction.  We affirm. 












I.  Factual and Procedural Background

At
approximately 10:00 p.m. on Saturday, November 8, 2003, Wesley Herrin, Jr.
entered a Papa John=s
pizzeria in Pasadena, Texas.  He
walked around the counter, pointed a gun at the store clerk, and instructed her
to get the store manager.  The two
then walked towards the back of the store where the manager was working.  Herrin instructed them to unlock the
back door and to go Ain the
back.@  Assuming that Herrin wanted them to walk
out the back door, the clerk pushed the back door open.  When she did so, both she and the
manager were able to see that appellant was waiting outside.  Appellant was a former employee of the
store, and the manager immediately recognized him.  Herrin then demanded the key to the
store=s
safe.  After the manager gave him
the key, Herrin instructed the manager and the clerk to wait on their knees in
the lavatory.  While they were in
the lavatory, Herrin and appellant took money from the store=s safe
and left the premises

The
manager called police and informed the officers that she recognized appellant
as one of the perpetrators.  After
searching through the store=s
personnel files, she provided appellant=s home
address to the police.  Officers
then went to appellant=s home
and asked him to go with them to the store.  He agreed, and upon arrival, was
identified by both the manager and the clerk as the person they observed
waiting outside the store=s back
door.  Appellant was placed under
arrest and charged with aggravated robbery.  Because he had been convicted of three
prior felonies, appellant was denied bail.












Approximately
three weeks later, the store manager received a telephone call on her cell
phone from an individual identifying himself as Officer Ray Johnson.  The caller asked the manager to recount
the details of the robbery.  After
she did so, the caller informed her that she needed to change her story so that
appellant would not be implicated. 
The caller also told her that her life and the lives of her family
members would be in danger if she did not change her story.  The police were able to trace the call
to Herrin=s home phone.  Herrin=s picture
was placed in a photo spread, and the manager identified him as the individual
who entered the store with a gun. 

Before
trial, appellant filed a motion in limine seeking to prohibit the State from
referencing any of his prior convictions that had occurred more than ten years
earlier.  The trial court held a
hearing on the motion after the close of the State=s
case-in-chief.  At that hearing, the
trial court referred to an off-the-record discussion in which the State
indicated it wanted to impeach appellant with evidence of his status as a
parolee from a 1982 burglary conviction, if appellant chose to testify.  The trial court said it would allow the
evidence as probative of appellant=s motive
to lie.

On direct
examination, appellant testified that he was taking a defensive driving class
at home on the internet at the time of the robbery.  He also testified that he received a
60-year sentence for the 1982 conviction, and that he was on parole at the time
of the robbery.  On
cross-examination, appellant affirmed that the internet defensive driving class
allowed him to take breaks, and offered no additional explanation for his
alibi.  He also acknowledged that
confessing to participation in the robbery would have automatically revoked his
parole.  The jury found appellant
guilty and sentenced him to sixty-five years confinement.  This appeal ensued.

II.  Issues Presented

In
appellant=s first issue, he argues the
trial court erroneously admitted the testimony concerning Herrin=s phone
call to the store manager because it was irrelevant and more prejudicial than
probative.  In his second issue,
appellant contends the trial court erred by allowing the state to impeach him
with evidence that he was on parole for a conviction that occurred more than
ten years before the time of his trial.












III.  Analysis

A.        Did
the Trial Court Err by Admitting Testimony Regarding the Threatening Phone
Call?

 

Over
appellant=s objection, the trial court
ruled that the store manager could testify about receiving the threatening
phone call.  On appeal, he
characterizes the testimony as an extraneous offense committed by a third party
and contends it is both irrelevant and unduly prejudicial.  The State argues appellant waived any
error and, alternatively, that the testimony is relevant to establishing
appellant=s identity as one of the
perpetrators. 





1.         Preservation of
Error





Before we
address the merits of appellant=s
argument, we first turn to the state=s
assertion of waiver.  In response to
the State=s request to allow the store
manager to testify, the trial court discussed the State=s
purported testimony with both counsel outside the presence of the jury.  This dialogue provides the basis for the
State=s
argument that appellant waived his first issue:





THE COURT: I will allow you to ask the witness
about the phone call, and I will allow the statement to come in, and I will
give an admonishment for the statement, that is, a limiting instruction
concerning that statement, that it=s not coming in as the
truth . . . .

* * *

TRIAL COUNSEL: I need to object to that, if I may,
first, on the basis that there is no evidence that will sufficiently connect
[the phone call] to [appellant].  By
that, I mean to show that [appellant] knew about the phone call or had anything
to do with it being made.  Secondly,
the probative value of that phone call is far outweighed by its prejudicial
value for the complaining witness toCit links [appellant] to
the Mafia,[1]
and it=s a threat to her life,
that=s certainly prejudicial.












THE STATE: I=ll tell you what I think
is relevant also about it. . . . [T]his witness= credibility is being
attacked, obviously. . . . [S]omeone told her to change her story and, in fact,
she said, >No,= you know, >That=s who did it to me.= . . . 

THE COURT: Well, I=m letting [the testimony]
in for certain reasons.  I am
letting that in because [of] the thought of [the witness= credibility].  I=m going to let it in
because that is the manner which they connected [Herrin] and it is, I believe,
probative that somehow one ore more people involved in the robbery knew the
name of one of the witnesses . . . . It prompted her to call the police and the
police followed it and it led to the arrest of the other person. . . . .

* * *

TRIAL COUNSEL: Can I have my objection now so I
don=t need to do it for the
jury?

THE COURT: Yes.

TRIAL COUNSEL: That=s sufficient?

THE COURT: Yes.  For purposes of the record, I have told
[trial counsel] that his objection right now is sufficient.

 





Appellant=s
objections at trial to the irrelevancy and to the unduly prejudicial nature of the
testimony are governed by Rules 402 and 403 of the Texas Rules of
Evidence.  But in his brief,
appellant characterizes the testimony as Aan
extraneous offense, committed by a third party, which was not relevant to any
material issue in the case.@  The admissibility of extraneous offenses
is addressed in Rule 404(b).  Thus,
the State argues appellant is raising a new argument for the first time on
appeal. 












To
preserve error, an appealing party must make a timely, specific objection at
the earliest possible opportunity and must pursue the objection to an adverse
ruling.  Tex. R. App. P. 33.1(a);
Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  Although appellant objected at trial on
the basis that the testimony was more prejudicial than probative, the Court of
Criminal Appeals has stated that the prejudicial-versus-probative balancing
test is Aan
inherent part of Rule 404(b).@  Castaldo v. State, 78 S.W.3d 345,
349, 350 (Tex. Crim. App. 2002). 
Therefore, we assumeCwithout
decidingCthat
appellant has preserved error, and consider the merits of appellant=s issue.





2.         Admission of the
Phone Call





a.         Standard of Review





We review
a trial court=s ruling regarding the admission
of evidence for an abuse of discretion. 
Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).  If the ruling is correct on any theory
of law applicable to the case, in light of what was before the trial court at
the time the ruling was made, then we must uphold the judgment.  Id.  Extraneous‑offense evidence is
admissible under both Rules 404(b) and 403 if that evidence satisfies a two‑prong
test: whether the extraneous offense evidence is relevant to a fact of
consequence in the case apart from its tendency to prove conduct in conformity
with character; and whether the probative value of the evidence is not
substantially outweighed by unfair prejudice.  Id.  An abuse of discretion occurs only when
the trial court=s
decision was so clearly wrong as to lie outside that zone with which reasonable
persons might disagree.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 





b.         The Evidence Offered
Proof of Appellant=s
Identity





Appellant
argues that the testimony could only be relevant to proving his identity.  He contends his identity was not an issue
at trial because, when he testified in his own defense, the state effectively
impeached his alibi.  But, the
testimony in question was admitted during the State=s
case-in-chiefCbefore appellant=s alibi
was impeachedCwhen appellant=s
identity was still in question.[2]  Therefore, we must determine whether the
proffered testimony could have allowed the jury to find that appellant was one
of the perpetrators.  See Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).












Here, the
trial court stated as a basis for admitting the evidence that it established a
connection between the store manager and the alleged perpetrators.  We agree.  The store manager testified that she and
appellant previously worked together and that she recognized him when she saw
him waiting outside the back of the store during the robbery.  The State=s next
witness was a police officer who testified that he used the store manager=s phone
records to trace the call to Herrin, and the store manager identified Herrin in
a photo spread as the other assailant.

Acts of
third parties can be logically relevant to the context in which an act was
committed.  Castaldo v. State,
78 S.W.3d at 349.  After hearing the
testimony, a juror could make a logical inference that appellant was the
individual waiting behind the store because (a) the phone call was traced to
Herrin=s phone;
(b) the store manager identified appellant and Herrin as co-conspirators in the
robbery; and (c) appellant would have reason to know the store manager=s name and
phone number.  Thus, the testimony
had the effect of making appellant=s
identity more probable than if it not been admitted, and therefore, the
testimony is relevant.  See Tex. R. Evid. 401 (defining Arelevant
evidence@); 404(b)
(permitting Aevidence of other crimes, wrongs,
or acts@ for the
purpose of proving identity; see also Castaldo, 78 S.W.3d at 349
(extending Rule 404(b) to acts not committed by the defendant).





c.         The Evidence is More
Probative than Prejudicial





Even if logically
relevant to the context, Athe
danger of undue prejudice that may arise from evidence of a third party=s
misconduct must not outweigh the [probative] value of the evidence.@  Castaldo, 78 S.W.3d at 350
(citing Advisory Committee=s Note, Fed. R. Evid. 404).  When a third party=s acts
reflect on the character of the defendant, the effect of the prejudice is
greater.  Id.  The prejudicial effect on the
defendant may be lessened, however, if the evidence is probative of the third
party=s
character as well.  Id.  












Although
appellant argues the State Afailed to
establish any connection between [appellant] and the alleged threats,@ the
testimony, as we explained above, allows for such a connection to be made.  Moreover, the trial court minimized the
prejudicial effect of the testimony by refusing to allow the store manager to
testify that she was told appellant had a connection to the Mafia.  Finally, the trial court gave limiting
instructions to the jurors, informing them that the testimony was not to be
taken for its truth, but merely for the fact that it was said.  Although the testimony may have impugned
the character of both appellant and Herrin, we cannot say that the testimony
was more prejudicial than probative. 
Accordingly, the decision to admit the testimony was well within the
zone of reasonable disagreement, and therefore, we overrule appellant=s first
issue.

B.        Did the Trial Court Err by
Allowing the State to Impeach Appellant with Evidence of a Prior Conviction?

 

Appellant
filed a motion in limine, seeking to prevent the State from questioning him
about his status as a parolee from a 1982 felony conviction.  In denying the motion, the trial court
allowed the questioning Astrictly
[to show] bias or motive to lie@ when
testifying.  Here, appellant argues
the trial court erred by denying his motion because Texas Rule of Evidence 609
renders evidence of a conviction that occurred more than ten years earlier
inadmissible without a showing by the State that the probative value of the
conviction substantially outweighed its prejudicial effect.  Before we address the merits of
appellant=s issue, however, we first
consider whether it has been properly preserved for our review.





1.         Preservation of
Error












When a
motion in limine is denied, error is not preserved unless the aggrieved party
makes a proper objection to the proffered evidence.  McDuff v. State, 939 S.W.2d 607,
618 (Tex. Crim. App. 1997) (en banc). 
That objection can be raised in a hearing outside the presence of the
jury.  Manns v. State, 122
S.W.3d 171, 190 (Tex. Crim. App. 2003). 
Although our review of the record does not show evidence of an
objection, the State acknowledges in its brief, that A[the
trial judge=s] summary of [appellant=s
objections] implies that counsel objected under Rule 609@ and Ademonstrate[d]
that the court was aware of a Rule 609 staleness issue, so that issue should be
treated as preserved.@ 

The
record, however, demonstrates appellant has waived his right to appeal this issue
because appellant testified regarding his 1982 conviction on direct
examination.  By preemptively
introducing evidence of a prior conviction on direct examination, appellant may
not claim on appeal that the admission of the evidence was error.  Ohler v. United States, 529 U.S.
753, 759 (2000).  Accordingly,
appellant=s second issue is waived.[3]












For the
above reasons, we affirm the judgment of the trial court.

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion
filed March 16, 2006.

Panel consists of Justice Fowler,
Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 













[1]   The trial court later ruled that
the witness could not testify that the caller stated that appellant was connected
to the Mafia.





[2]   In his opening statement,
appellant=s counsel stated, A[Appellant] was with his family at
the time of the robbery . . . and this is simply a case of mistaken identity.@





[3]  In his brief, appellant argues that Leday
v. State, 983 S.W.2d 713 (Tex. Crim. App. 1998) (en banc) allowed him to
introduce evidence of his prior conviction on direct examination without
waiving his right to appeal the trial court=s ruling on his objection.  Appellant=s reliance on Leday is
misplaced.  Leday discussed
two exceptions to the well-settled rule that Aoverruling an objection to evidence
will not result in a reversal when other such evidence was received without
objection, either before or after the complained-of ruling . . . [regardless
of] whether the evidence was introduced by the defendant or the State.@  Id. at 718. 

 

The first exception arises when a
defendant=s decision to testify is made in
order to overcome the impact of objected-to evidence that the State allegedly
obtained in violation of the law.  Id.
at 718B19.  This exception does not apply here.  First, there is no argument that the
evidence the State sought to introduce was obtained Ain violation of the law.@  Second, appellant=s decision to testify was made before
the State presented its evidence. 
In fact, appellant=s trial counsel warned appellant on
the record, AIf you do not testify, the jury
will not learn you are on parole. 
If you do testify, the jury will know you=re on parole.@  Appellant did not introduce the evidence
to Aovercome the impact@ of any action taken by the
State.  Thus, the first exception
does not apply.

 

The second exception arises when a
defendant seeks to Ameet, destroy, or explain@ the objected-to evidence presented
by the State by presenting rebutting evidence.  Id. at 719 (emphasis
added).  Again, this exception does
not apply because appellant did not Arebut@ the State=s evidence of his prior
convictions, he introduced it.  

 

We conclude that
neither exception is applicable, and therefore, the general rule applies.  Because the objected-to evidence was
introduced by appellant after his objection was overruled, we will not reverse
on the grounds that the court erred in its ruling.