Affirmed and Memorandum Opinion filed May 18, 2010. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00442-CR



 

Daines Lorell Franklin, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1188192



 

MEMORANDUM OPINION

            Appellant
Daines Lorell Franklin challenges his conviction for possession of a controlled
substance.  After a jury trial, the jury found appellant guilty, and the trial
court assessed punishment at confinement for 35 years.  Appellant appeals
contending that the trial court erred in denying his motion to suppress
evidence.  We affirm.

Background

            Around 11:30 p.m.
on October 18, 2008, Houston Police Department Officers Juventino Castro and
Jason Zielonka observed two people inside a parked vehicle near a building with
a “No Trespassing” sign in the Branch Village Apartment complex.  Branch
Village Apartments is located in a high-crime area with known gang and
narcotics activity, and has filed a trespass affidavit with the City of Houston. 
Such an affidavit permits officers to enter the property and patrol for
trespassers.  Castro and Zielonka parked their vehicle behind the parked
vehicle and approached.  

As they were approaching the vehicle, they smelled
the odor of marijuana coming from the vehicle.  Zielonka also observed appellant,
who was sitting in the front passenger seat of the vehicle, “making movements
towards the bottom [of the vehicle] as [if] trying to conceal something.” 
Zielonka ordered appellant to exit the vehicle and handcuffed him.  The
officers recovered a vanilla extract bottle containing 24.4 grams of
Phencyclidine from underneath the front passenger seat of the vehicle.  

            Appellant was
indicted for the offense of possession of a controlled substance on December 2,
2008.  Appellant filed a Motion to Suppress Evidence on February 4, 2009.  The
trial court held a hearing and denied appellant’s motion to suppress on May 11,
2009.  After a jury trial, the jury found appellant guilty as charged. 
Appellant pleaded “true” to two enhancement paragraphs alleging that appellant
previously had been convicted of aggravated assault and delivery of a
controlled substance, and the trial court assessed punishment at confinement
for 35 years.  

Analysis

In his sole issue on appeal, appellant contends that
the trial court erred in denying his motion to suppress.  Appellant filed a
motion to suppress alleging that the officers’ search of the vehicle was
unconstitutional because the officers searched the vehicle without consent.  At
the hearing on appellant’s motion to suppress, appellant’s trial counsel argued
that appellant “was an invited guest of a resident [of Branch Village
Apartments] . . .  [therefore,] the probable cause [to search the vehicle]
based on trespass is not valid.”  On appeal, appellant argues that the trial
court erred in denying his motion to suppress because the officers “basically
skipped over any encounter and plainly detained [appellant]” without reasonable
suspicion “when they pulled behind the parked vehicle.”      

As a threshold matter, the State argues that
appellant failed to preserve this issue for appeal because “[a]ppellant never
objected to the admission of the contraband on the grounds that the police had
skipped over a consensual encounter and unlawfully detained appellant.”  A
party must preserve error for appeal by a proper objection and an adverse
ruling on that objection.  Tex. R. App. P. 33.1; Tex. R. Evid. 103(a). 
Arguments on appeal must comport with the objection at trial or the error is
waived.  Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (en
banc); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (en
banc) (to preserve error for appellate review, complaint on appeal must comport
with objection at trial, and objection stating one legal theory may not be used
to support a different legal theory on appeal).  Appellant’s argument on appeal
does not comport with his motion to suppress or any other objection at trial. 
Therefore, the claimed error is waived.  Dixon, 2 S.W.3d at 273; Broxton,
909 S.W.2d at 918.  

In any event, appellant’s complaint would provide no
basis for reversal even if it had been preserved.  We review a trial court’s
denial of a motion to suppress for abuse of discretion.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999); State v. Vasquez, 230 S.W.3d
744, 747 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  An abuse of
discretion occurs when the trial court’s decision is so clearly wrong as to lie
outside the zone of reasonable disagreement.  Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992) (en banc).  

We review the evidence in the light most favorable to
the trial court’s ruling.  Gutierrez v. State, 221 S.W.3d 680, 687 (Tex.
Crim. App. 2007).  The trial court is the
exclusive factfinder and judge of the credibility of the witnesses.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc); Turner v.
State, 252 S.W.3d 571, 576 (Tex. App.—Houston [14th Dist.] 2008, pet.
ref’d).  We afford almost total deference to the trial court’s determination of
historical facts supported by the record, especially when the trial court’s
findings are based on an evaluation of credibility and demeanor.  See Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).  We afford
the same amount of deference to the trial court’s ruling on mixed questions of
law and fact if the resolution of these questions turns on an evaluation of
credibility and demeanor.  Id.  We review questions not turning on
credibility and demeanor de novo.  Id.  If the trial court’s
decision is correct under any theory of law applicable to the case, the
decision will be sustained.  Estrada v. State, 154 S.W.3d 604, 607 (Tex.
Crim. App. 2005). 

A police officer’s interaction with a citizen can be
classified as an encounter, detention, or seizure.  See Citizen v. State,
39 S.W.3d 367, 370 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  Encounters
occur when police officers approach an individual in public to ask questions.  Id.
 Encounters do not require any justification whatsoever on the part of an
officer.  Id. (citing U.S v. Mendenhall, 446 U.S. 544, 555
(1980)).  An investigative detention is a confrontation of a citizen by law
enforcement officers wherein a citizen yields to a display
of authority and is temporarily detained for purposes of an investigation.  Johnson
v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995) (en banc).  An
investigative detention is permitted if it is supported by reasonable
suspicion.  Citizen, 39 S.W.3d at 370; see also Terry v. Ohio,
392 U.S. 1, 27 (1968).  Reasonable suspicion is a particularized and objective
basis for suspecting the person is, has been, or soon will be engaged in
criminal activity.  Citizen, 39 S.W.3d at 370 (citing Crockett v.
State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991) (en banc)).  A
determination of whether the police interaction is an encounter, detention, or
seizure is assessed by looking at the totality of the circumstances.  See
Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (en banc).    

Appellant argues he was detained by the officers
because “[t]heir patrol car essentially blocked [appellant’s] vehicle from
being able to drive off.”  In State v. Garcia-Cantu, 253 S.W.3d 236, 246
(Tex. Crim. App. 2008), the Court of Criminal Appeals listed a number of
factors for courts to consider when determining whether a detention occurred. 
One of the factors the court listed was whether police officers “boxed in” the
suspect’s vehicle, and thereby prevented him from voluntarily leaving.  Id. 
The court noted that whether police officers “boxed in” the suspect’s vehicle
is a significant factor in determining whether a detention has occurred: “Most
courts have held that when an officer ‘boxes in’ a car to prevent its voluntary
departure, this conduct constitutes a Fourth Amendment seizure.”  Id. at
246 n.44.  The court distinguished situations in which police officers only
partially block the suspect’s vehicle, merely making it somewhat inconvenient
for the suspect to leave voluntarily.  Id.  When an officer partially
blocks a suspect’s vehicle, “such action is not necessarily, by itself,
sufficient to constitute a Fourth Amendment detention.”  Id.  

Castro testified that they parked “beside
[appellant’s] vehicle, kind of like directly behind it[.]”  There is no
evidence that appellant’s vehicle was “boxed in,” preventing appellant from
voluntarily leaving.[1] 
The mere presence of a police vehicle in proximity to a motorist is not a
Fourth Amendment seizure.  See Brock v. State, No. 14-06-00128-CR, 2007
WL 2367262, at *2 (Tex. App.—Houston [14th Dist.] August 21, 2007, pet. ref’d)
(citing Beasley v. State, 674 S.W.2d 762 (Tex. Crim. App. [Panel Op.]
1982)).  

Conclusion

            We affirm the
trial court’s judgment.         

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant called two witnesses in support of his motion to suppress, Lashonda
Booker and Lucinda Martinez.  Booker exercised her rights not to testify under
the Fifth and Fourteenth Amendments to the United States Constitution. 
Martinez testified that she and Booker live in the Branch Village Apartment
complex, and that appellant is Booker’s boyfriend.  She also testified that she
saw Booker and appellant in the back of a police car on October 18, 2008.