

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00300-CR

**ROBERT DOUGLAS RUDZAVICE JR.,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

_____

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F45363**

---

## MEMORANDUM OPINION

---

Appellant, Robert Douglas Rudzavice Jr., challenges his conviction for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). In one issue, appellant argues that the trial court erred in denying his motion for mistrial after the introduction of certain extraneous-offense evidence. We affirm.

### I. BACKGROUND

The dispute in this case centers on events transpiring during the early morning hours of February 19, 2011. Briana Rogers testified that she and appellant had been

dating on and off for several years and that she was pregnant with appellant's child. Despite a strained relationship with Rogers, appellant sent Rogers a text message during the early morning hours of February 19, 2011, suggesting that they get together to have sex. Rogers was not comfortable meeting up with appellant at that late an hour. Moreover, Rogers testified that appellant did not get along with her stepfather, Francisco Castaneda, and that Francisco had forbidden appellant from coming onto his property. Rogers also admitted that, at the time of the incident, she lived with her mother, Tina Castaneda, and Francisco. Because she was not comfortable meeting up with appellant, and because appellant was not welcome at the Castanedas' house, Rogers "sexted" to appellant provocative pictures of herself in hopes of satisfying his sexual desire. Taking the "sexted" pictures to be a sort of invitation, appellant drove over to the Castanedas' house.

Upon arriving, appellant pounded on the door to the house. Francisco testified that he opened the door and told appellant to leave. Rather than leaving, appellant, who had clearly been drinking, told Francisco about Rogers's pictures and demanded to talk to Rogers. Francisco recalled that he told appellant to leave once again and instructed Tina to call the police. At this point, appellant forced open the door, entered the house, and poked and shoved Francisco while demanding to talk to Rogers. Appellant subsequently took a seat on the couch in the living room next to Rogers, who observed the entire incident. Francisco walked toward appellant and told him to get out of the house. Appellant stood up and poked Francisco once again. A struggle ensued, and appellant quickly got Francisco in a chokehold. Francisco gasped for air

and cried out that he could not breathe. In response to Francisco's cries, Tina and Rogers broke several decorative ceramic plates and vases over appellant's head to get appellant to let go of Francisco. Eventually, appellant released Francisco and walked outside the house to wait for the police to arrive. When the police arrived, appellant was outside pacing and yelling obscenities. Thereafter, appellant was arrested and charged with one count of burglary of a habitation. *See id.*

At trial, appellant pleaded "not guilty" to the charged offense, and appellant's counsel, in his opening statement, stated that appellant had no intention to harm anyone that night; that appellant was invited to the house; and that the entire incident was an elaborate scheme by Francisco and Tina to have appellant arrested because they did not like appellant. Nevertheless, after hearing all of the evidence, the jury found appellant guilty of the charged offense and sentenced him to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $5,000 fine. Subsequently, appellant filed motions for new trial and in arrest of judgment, both of which were overruled by operation of law. *See* Tex. R. App. P. 21.8(a), (c). This appeal ensued.

## II. Motion for Mistrial

In his sole issue on appeal, appellant contends that the trial court abused its discretion by failing to grant his motion for mistrial after the State introduced certain extraneous-offense evidence. Specifically, appellant argues that the introduction of the extraneous-offense evidence violated Texas Rule of Evidence 404(b). *See* Tex. R. Evid. 404(b).

## A. Standard of Review

We review the denial of a motion for mistrial under an abuse-of-discretion standard. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). Under this standard, we uphold the trial court's ruling as long as the ruling is within the zone of reasonable disagreement. *Id.* "'A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). It is appropriate only for "a narrow class of highly prejudicial and incurable errors." *Id.*; *see Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Therefore, a trial court properly exercises its discretion to declare a mistrial when, due to the error, "an impartial verdict cannot be reached" or a conviction would have to be reversed on appeal due to "an obvious procedural error." *Wood*, 18 S.W.3d at 648 (quoting *Ladd*, 3 S.W.3d at 567).

## B. Discussion

### 1. The Lake Incident

The complained-of extraneous-offense evidence pertains to an incident that transpired in January 2011 at Lake Pat Cleburne. Several witnesses, including Tina, Francisco, Rogers, City of Cleburne 911 dispatcher Dianne Allen, Brad Balaban, and Cleburne Police Officer Donnie Riddell, alluded to or described the incident. In particular, Balaban testified that, during the afternoon hours of January 15, 2011, Rogers knocked on his door. Balaban recalled that Rogers "was barefoot and muddy and really very distraught, so looked rough. Hair was all matted and stuff. She was kind—she

needed some help." Rogers told Balaban that appellant had beaten her up. Balaban called the police.

Officer Riddell responded to the call. He recalled that Rogers's "face was swollen, she was covered with mud and dirt and she was crying." Apparently, appellant had picked Rogers up from the Castaneda's house to talk about their relationship. When he realized that the relationship was ending, appellant punched Rogers in the side of her face. Rogers tried to jump out of the vehicle when it stopped, but appellant pulled her back inside. Rogers told Officer Riddell that appellant was drunk and that he "was going to take her out to the lake and take care of her." When they reached the lake, Rogers tried to jump out of the vehicle again. Appellant tackled Rogers, dragged her through the mud by her hair, jumped on her, and began punching Rogers in the stomach in an attempt to kill the baby. Appellant eventually stopped when he started to throw up. Charges were not filed because, according to Officer Riddell, Rogers impeded the prosecution of the case.

### 2. Preservation of Error

To preserve error for appellate review, a complaining party must make a timely and specific objection. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154

S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection "does not comport with" the issue he raised on appeal); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (same).

As stated earlier, appellant complains on appeal that the introduction of this evidence violated Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). However, a review of the reporter's record shows that appellant never objected to the introduction of this evidence under Rule 404(b). *Id.* Instead, he lodged a few Rule 401 and 403 objections.[1] *See id.* at R. 401, 403. In fact, in most of his objections, appellant's trial counsel argued that evidence of the lake incident was irrelevant to the charged offense. *See id.* at R. 401. He did not argue that the extraneous-offense evidence was improper character evidence. *See id.* at R. 404(b). Because he did not object to the extraneous-offense evidence under Rule 404(b), we conclude that appellant's complaint on appeal does not comport with his trial court objections. *See* TEX. R. APP. P. 33.1(a); *Dixon*, 2 S.W.3d at 273; *see also Wright*, 154 S.W.3d at 241. And as such, we cannot say that appellant has preserved this complaint for review. *See Resendiz*, 112 S.W.3d at 547; *Ibarra*, 11 S.W.3d at 197; *see also Wright*, 154 S.W.3d at 241.

---

[1] Texas Rule of Evidence 401 pertains to the introduction of "relevant evidence," which is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Texas Rule of Evidence 403, on the other hand, allows the trial court to exclude "relevant evidence" if the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Id.* at R. 403.

### 3. Error, if any, is Cured

And even if we were to broadly construe appellant's trial court objections to fit within the confines of Rule 404(b), we note that appellant failed to object each time the State sought to introduce evidence of the lake incident and he did not obtain a running objection to this evidence or lodge a proper objection in a hearing outside the presence of the jury. *See Haley v. State*, 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005) (stating that, under Texas law, a party must continue to object each time inadmissible evidence is offered unless counsel has obtained a running objection or made a proper objection in a hearing outside the presence of the jury); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (same); *see also* TEX. R. EVID. 103(a)(1). Moreover, any error in admitting evidence is cured when the same evidence is admitted elsewhere without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Therefore, because the extraneous-offense evidence was admitted elsewhere without objection, any error in admitting the evidence was cured. *See Lane*, 151 S.W.3d at 193; *see also Leday*, 983 S.W.2d at 718.

Based on the foregoing, we cannot say that the trial court abused its discretion in denying appellant's motion for mistrial. *See Archie*, 221 S.W.3d at 699-700; *see also Wood*, 18 S.W.3d at 648. Accordingly, we overrule appellant's sole issue on appeal.

## III.  CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2013
Do not publish
[CR25]