

**IN THE
TENTH COURT OF APPEALS**

**No. 10-13-00158-CR**

**ROBERT LEE SARGENT JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 12880-A**

**MEMORANDUM  OPINION**

Appellant, Robert Lee Sargent Jr., was convicted of unlawful possession of less than one gram of cocaine, a state-jail felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).  We affirm.

### I.    EVIDENCE OF APPELLANT'S PRIOR CONVICTIONS

In his sole issue on appeal, appellant contends that the trial court abused its discretion by permitting the State to impeach him with evidence of his prior convictions

after the State failed to give "sufficient advance written notice," as is required by Texas Rule of Evidence 609(f). *See* TEX. R. EVID. 609(f).[1]

## A.    Facts

The record reflects that appellant filed a motion in limine, stating that he believed the State would "attempt to adduce evidence that the Defendant is guilty of an offense or bad act other than the offense on trial." Thereafter, on March 11, 2013, the first day of trial, the State tendered a written notice of its intent to use appellant's prior convictions, arrests, and bad acts for both the guilt-innocence and punishment phases of trial. This offer was made outside the presence of the jury and after appellant filed his motion in limine. In its notice, the State referenced appellant's 2008 convictions for burglary of a habitation and assault of a public servant. Appellant objected to the timeliness of the written notice, and the trial court subsequently conducted a hearing on the issue.

At the hearing, defense counsel complained that the State did not timely provide him with formal, written notice of its intent to introduce appellant's prior convictions; however, he did acknowledge the following: "I will say that Mr. Burks [Assistant District Attorney] did send me an e-mail on January 23rd. Gave me the two

---

[1] Texas Rule of Evidence 609(f) provides the following:

**Notice.** Evidence of a conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

TEX. R. EVID. 609(f) (emphasis in original).

convictions. However, the formal notice, we didn't get that until today, so my client has asked that I object to proceeding." The trial court overruled defense counsel's objection, and the trial continued.

During the guilt-innocence phase, appellant testified on his own behalf. And in response to questions by defense counsel on direct examination, appellant admitted that he had "got[ten] in trouble for burglary of a habitation and assault [of] a public servant" and that he had pleaded guilty to both offenses. On cross-examination, the State impeached appellant with these prior convictions. A review of the reporter's record shows that the State spent approximately two of fourteen pages questioning appellant about his prior convictions. The majority of the State's cross-examination focused on appellant's version of the facts underlying this conviction, not on his prior convictions. Ultimately, the jury found appellant guilty of the charged offense, and the trial court sentenced appellant to sixteen months' incarceration in the State-Jail Division of the Texas Department of Criminal Justice.

**B. Error Preservation**

To preserve error for appellate review, a complaining party must make a timely and specific objection. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154

S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection "does not comport with" the issue he raised on appeal); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (same).

Here, trial counsel objected to proceeding with trial, not to the use of the evidence. Consequently, appellant's appellate complaints do not comport with those made in the trial court. And as such, we cannot say that appellant preserved this issue for review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273. Additionally, because appellant preemptively introduced evidence of his prior convictions on direct examination, we also conclude that appellant has waived his right to complain about this evidence on appeal. *See Ohler v. U.S.*, 529 U.S. 753, 759, 120 S. Ct. 1851, 1855, 146 L. Ed. 2d 826 (2000); *Johnson v. State*, 981 S.W.2d 759, 760 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also Villasana v. State*, Nos. 05-07-00904-CR, 05-07-00905-CR, 2008 Tex. App. LEXIS 5462, at **15-16 (Tex. App.—Dallas July 24, 2008, pet. ref'd) (mem. op., not designated for publication). Based on the foregoing, we overrule appellant's sole issue on appeal.

## II.  CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 6, 2014
Do not publish
[CR25]