In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00135-CR
_____

CHRISTOPHER JOHN CERVANTES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Cause No. 15-304017

**MEMORANDUM OPINION**

Christopher John Cervantes appeals from a final judgment following a trial in which a jury found him guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2017). Prior to his trial, Cervantes filed an election to have the trial court assess his sentence. After pleading true to two counts in the information the State included to enhance the potential range of Cervantes'

1

sentence,[1] the trial court assessed a sentence in the punishment phase of Cervantes' trial of one year in jail and fined him $500. *See id*. § 12.43(a) (West 2011), § 49.09(a) (West Supp. 2017). After pronouncing the sentence, the court then suspended Cervantes' sentence and placed him on community supervision for a period of fifteen months.

In three issues, which all concern the guilt-innocence phase of his trial, Cervantes argues (1) that the trial court abused its discretion by refusing his request to redact the parts of the video-recording admitted when he was arrested showing that he told the officer he wanted a lawyer; (2) that in closing argument, the prosecutor commented improperly on Cervantes exercising his right to remain silent in the course of his arrest; and (3) that the jury found him guilty even though the evidence was insufficient to authorize his conviction for driving while intoxicated.

## Background

In the early morning hours of February 1, 2015, Officer Berry Gresham, a police officer employed by the City of Shenandoah Police Department, responded

---

[1] The first enhancement count in the information alleges that Cervantes was convicted in October 2001 of driving while intoxicated in the County Criminal Court at Law Number 10, in Harris County, and in Cause Number 107494801010. Cervantes pleaded true to that allegation, which evidences that he had previously been convicted for operating a motor vehicle while intoxicated. *See* Tex. Penal Code Ann. § 49.09(a) (West Supp. 2017)

to a reported disturbance that was still in progress in the parking lot of a rehabilitation center, which the evidence established is located within the city. According to Officer Gresham, as he drove into the parking lot where the reported disturbance occurred, he saw a person sitting in the driver's seat of a truck, and the truck appeared to have recently been damaged. Officer Gresham testified that Cervantes stepped out of his truck and said that "he came from [Interstate Highway] 45." Officer Gresham explained that Cervantes "was having trouble maintaining his balance and staggered a bit" after leaving his truck. Officer Gresham also noticed that Cervantes smelled of alcohol, had bloodshot eyes, and was slurring his speech. When asked, Cervantes "admitted to drinking[,]" and he told Officer Gresham that he drank "'way too much past my limit.'" Cervantes refused Officer Gresham's request to take a field sobriety test. Based on the symptoms of intoxication that Officer Gresham witnessed in the parking lot while he was with Cervantes, Officer Gresham arrested Cervantes for driving while intoxicated.

After placing Cervantes under arrest, Officer Gresham began reading the statutory warnings[2] that officers are required to provide to a person who has been

---

[2] Officer Gresham referred to the form containing the warnings as "a DIC-24." This testimony clearly references the DIC-24 Mandated Statutory Warning, a warning that a police officer is required to give to a person being arrested for driving while intoxicated. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2017); *see also Linton v. State*, 275 S.W.3d 493, 495 n.3 (Tex. Crim. App. 2009). The warning

3

arrested for driving a vehicle while intoxicated. The video-recording of the arrest, which was captured by a device in Officer Gresham's patrol car, shows that while Officer Gresham attempted to read the required statutory warnings, Cervantes talked over the officer, denied that he had been driving, and denied that he had done anything wrong. Finally, just as Officer Gresham had nearly completed reading Cervantes the statutory warnings, Cervantes told Officer Gresham: "I want a lawyer."

The subject of whether this part of the recording was admissible was brought to the trial court's attention after the jury was sworn and before the jury heard any testimony. The trial court considered Cervantes' objections to the video-recording in a hearing conducted outside the jury's presence. During the hearing, Cervantes' attorney asked that the court redact Cervantes' statement that he wanted a lawyer from the recording. The request was denied, and during the trial, the video-recording admitted into evidence included the part where Cervantes asked for a lawyer.

Two witnesses, Jose Reyes, the security officer who reported the disturbance in the parking lot to the police, and Officer Berry Gresham, the officer who arrested Cervantes, were the only witnesses who testified for the State in the guilt-innocence

---

advises an individual being placed under arrest for driving while intoxicated of the consequences of a decision refusing an officer's request for a blood or breath specimen. *See* Tex. Transp. Code Ann. § 724.015.

4

phase of the trial. Three witnesses testified on behalf of Cervantes, Efren Hernandez (Cervantes' coworker), Rene de la Torre (a friend), and Jamie Lynn Fernandez (Cervantes' former girlfriend). At the conclusion of the trial, the jury found Cervantes guilty "of the offense of Driving While Intoxicated, as charged in the Information."

Ruling on Request to Redact the Video-Recording

The objection that Cervantes' attorney lodged to the admission of the video-recording during the hearing the trial court conducted outside the presence of the jury suggested that by continuing to read the warnings aloud to Cervantes after he demanded to see a lawyer, Officer Gresham violated *Miranda*.[3] The objection also possibly suggests that Cervantes was asserting he had a right to counsel before being required to have any further contact with the police. *See generally Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

The warnings that Officer Gresham read to Cervantes, however, are not considered part of an interrogation by police. The Court of Criminal Appeals has explained that questions "normally accompanying the processing of a D.W.I.

---

[3] In *Miranda*, the United States Supreme Court held that the police must warn a suspect about his right to counsel before they question the suspect regarding matters that would be relevant to proving that the suspect committed the crime that served as the basis for his arrest. *See Miranda v. Arizona*, 384 U.S. 436, 474 (1966) (recognizing that "the interrogation must cease until an attorney is present").

arrestee do not constitute interrogation." *Griffith v. State*, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001). Therefore, "the admission into evidence of a defendant's refusal to submit to a blood-alcohol test does not offend the Fifth Amendment right against self-incrimination." *Id.* (citing *South Dakota v. Neville*, 459 U.S. 553, 564 n.15 (1983)).

The video-recording before the jury in this case reflects that Officer Gresham was doing what an officer would normally do when arresting a person on a charge of driving while intoxicated. Consequently, when Cervantes demanded an attorney and subsequently refused to provide police with a voluntary specimen of his blood or his breath, that exchange between Cervantes and Officer Gresham cannot be properly characterized as a custodial interrogation. *See id.* at 602.

Relying on *Hardie v. State*, Cervantes suggests on appeal that it is constitutionally impermissible for the State to use Cervantes' demand for an attorney against him in his trial. 807 S.W.2d 319, 322 (Tex. Crim. App. 1991).[4] However,

---

[4] *Hardie* addresses the State's use of the defendant's post-arrest, post-*Miranda* silence regarding whether the evidence can be used to impeach the defendant's testimony. *Compare Hardie v. State*, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991), *with Griffith v. State*, 55 S.W.3d 598, 604-06 (Tex. Crim. App. 2001). Generally, the concerns that may arise from the potential use of a suspect's silence do not arise in the context of a post-arrest, pre-*Miranda* request for a lawyer. *Griffith*, 55 S.W.3d at 605; *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). As in *Heidelberg*, Cervantes never objected when his case was in the trial court that the State should not be permitted to use the fact that he demanded an attorney under any

6

Cervantes never objected during his trial that the State was attempting to use his statement about wanting an attorney to suggest that he was guilty. Additionally, Cervantes failed to provide references in his brief tying his argument regarding the State's alleged use of Cervantes' demand for an attorney to the record. Although we have no obligation to scrutinize the record for such instances when the brief that was filed failed to point them out, our review of the prosecutor's opening statement and closing arguments reveal nothing that shows the State ever suggested to the jury that it should use Cervantes' demand for an attorney as evidence of his guilt.

This part of Cervantes' issue one argument does not correspond or comport with the objection his attorney made during the trial. *See Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Additionally, an objection stating one legal theory may not be used to support a different legal theory on appeal. *Id*.; *see also* Tex. R. App. P. 33.1(a)(1)(A).

We hold that Cervantes failed to preserve his complaint that the State used his statement demanding a lawyer as evidence of his guilt, which is the argument he

---

of the provisions in the Texas Constitution. *See Heidelberg*, 144 S.W.3d at 537. Cervantes also failed to preserve for our review whether the State's use of post-arrest, pre-*Miranda* silence as substantive evidence of Cervantes' guilt would violate the Fifth Amendment privilege against self-incrimination in a case where the record shows the defendant did not testify. *See United States v. Salinas*, 480 F.3d 750, 758-59 (5th Cir.), *cert. denied* 552 U.S. 990 (2007) (noting split of authority among federal circuits).

presents on appeal. This argument does not comport with the objection that Cervantes made during his trial. *See Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); *see also* Tex. R. App. P. 33.1. We also find nothing to support the complaint on appeal that the prosecution asked the jury to draw an improper inference from the evidence showing that Cervantes invoked his right to counsel. We overrule issue one.

## Improper Argument

In his second issue, Cervantes complains that the prosecutor improperly commented on Cervantes' privilege to remain silent by arguing: "So that's why you have to send a message to him because he failed to take responsibility in this case." The attorney representing Cervantes in his trial did not object to the prosecutor's argument. Accordingly, Cervantes cannot raise a complaint about the prosecutor's statement for the first time on appeal when he failed to object to the statement during his trial. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (noting that by failing to object to the prosecutor's closing argument, the defendant "forfeits his right to complain about the argument on appeal").

The Texas Court of Criminal Appeals has explained that "[e]ven incurably improper jury argument is forfeitable." *Hernandez v. State*, No. PD-1389-16, 2018 WL 357612, at *3 (Tex. Crim. App. Jan. 10, 2018). We hold that Cervantes waived

8

his right to appellate review of the complaint he raises in his second issue about the prosecutor's argument.

Insufficient Evidence

In issue three, Cervantes argues the evidence is legally insufficient to sustain his conviction for driving while intoxicated. When reviewing a challenge to the sufficiency of the evidence admitted in a trial, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury is the sole judge of the credibility of the witnesses and the weight that should be afforded the testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). In a jury trial, the jury is given the responsibility to decide what testimony that it wants to choose to believe and to decide the weight that it wants to give to the testimony of the various witnesses who testify. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).

In resolving a defendant's challenge claiming the evidence admitted in his trial is insufficient to support the jury's verdict, our resolution of the challenge must be deferential to the responsibility imposed on juries to resolve the conflicts that

exist between the testimony of the witnesses who testified, to weigh the evidence admitted in the trial, and to draw reasonable inferences from the evidence the jury decided to rely upon when it determined the defendant's guilt. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We further note that "'[c]ircumstantial evidence is as probative as direct evidence in establishing [a defendant's guilt], and circumstantial evidence alone can be sufficient to establish guilt.'" *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper*, 214 S.W.3d at 13). As a reviewing court, our role is to "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id*. (quoting *Hooper*, 214 S.W.3d at 16–17).

In issue three, Cervantes argues the evidence is insufficient to show that he had been driving while intoxicated primarily because the State introduced no scientific tests in his trial to prove he was intoxicated. To prove that Cervantes was guilty, the State was required to prove, beyond a reasonable doubt, that Cervantes, "while operating a motor vehicle in a public place, was then and there intoxicated[.]"[5] *See* Tex. Penal Code Ann. § 49.04(a). Cervantes does not argue that the evidence was insufficient to prove that he was operating a vehicle; instead, he

---

[5] Cervantes does not challenge the enhancement allegations in his appeal.

10

suggests the circumstantial evidence that the jury relied upon to infer that he was intoxicated was insufficient to prove, beyond reasonable doubt, that he did not have the normal use of his mental or physical faculties because he had been drinking beverages containing alcohol. *See id.* § 49.01(2) (West 2011) (defining the meaning of "intoxicated" to include the loss of one's use of his mental or physical capacities due to the introduction of alcohol, a controlled substance, or a combination of them, into one's body).

Cervantes discounts the weight the jury could reasonably give to Officer Gresham's opinion stating that Cervantes was intoxicated. Cervantes suggests that Officer Gresham formed his opinion based on his observations of Cervantes on the night of the arrest, and the testimony regarding what Officer Gresham observed indicates that Cervantes had difficulty maintaining his balance, had bloodshot eyes, slurred speech, and smelled of alcohol. Cervantes suggests that there was evidence from which the jury could have concluded that Cervantes' conduct occurred because he was tired and emotional. He points to the testimony of Jamie Fernandez, his former girlfriend, who spoke to Cervantes on the telephone shortly before Cervantes pulled off the highway, as evidence showing that he was not intoxicated. Fernandez testified during Cervantes' trial that during the phone call, which occurred shortly before Cervantes was arrested, "[Cervantes] was emotional. Sounded exhausted. He

11

wanted to come home so I told him just pull over so I can go get him." According to Cervantes, this testimony fully explained the signs and symptoms Officer Gresham observed that caused him to mistakenly conclude that Cervantes was intoxicated.

First, we disagree that field sobriety testing or the results of a blood or breath test are required to be admitted in a trial involving a charge of driving while intoxicated before a jury is authorized by the evidence to find a defendant guilty, beyond a reasonable doubt. Officer Gresham explained to the jury that he based his opinion that Cervantes was intoxicated on his fifteen years' experience as a policeman, experience that included investigating approximately twenty-five cases involving drivers who were intoxicated. Cervantes failed to mention in his brief that the jury also considered evidence showing that Cervantes told Officer Gresham before he was arrested that he had been drinking "way too much past my limit[,]" and that "I'm done. I can't drink no more." The jury was authorized to consider this testimony as evidence that Cervantes knew he was intoxicated. The jury also viewed a video-recording of the arrest, and it shows Cervantes' behavior prior to and after his arrest. The video-recording depicts Cervantes arguing with Officer Gresham in a loud voice, repeatedly stating (yelling) that he had done nothing wrong while the officer was informing Cervantes of the consequences of refusing the officer's request for a biological specimen. The video-recording also shows Cervantes cursing

and belittling the officer for arresting him, even after the officer told Cervantes that he had the right to remain silent. Additionally, Cervantes fails to mention or discuss in his brief the testimony before the jury showing that the security officer saw Cervantes' truck sliding sideways and skidding very close to parked cars before Officer Gresham drove into the parking lot where the arrest occurred. This testimony, together with the officer's testimony and the video-recording, all supports the jury's finding that Cervantes was intoxicated.

At the conclusion of Cervantes' trial, the jury was instructed on the meaning of the term "intoxicated" under both the blood-alcohol concentration standard of .08 grams of alcohol per 100 milliliters of blood and on the driver's loss of the normal use of his mental or physical faculties.[6] *See id*. §§ 49.01(1)(B) (West 2011), 49.01(2). While Cervantes refused both Officer Gresham's request that he perform field sobriety tests and his request for a blood or breath sample, Texas law allows juries to infer the defendant was intoxicated from circumstantial evidence showing "erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling

---

[6] During the charge conference, Cervantes did not object to the charge on the basis that the evidence did not support the submission of the blood-alcohol concentration portion of the charge because no evidence had been introduced to show that Cervantes was intoxicated under that standard. Our discussion of the evidence supporting the jury's finding of guilt is based solely on the evidence relevant to Cervantes' loss of the normal use of his mental and physical faculties.

13

words, inability to perform field sobriety tests or follow directions, bloodshot eyes, [and] any admissions by the defendant concerning what, when, and how much he had been drinking[.]" *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010). For example, evidence showing "[a] lack of balance and slurred speech can prove intoxication." *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Additionally, when based upon the observations of an experienced police officer who has observed the defendant's behavior and then describes the behavior to the jury, the officer's opinion is evidence that is sufficient to support a jury's finding of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Brister v. State*, 414 S.W.3d 336, 341 (Tex. App.—Beaumont 2013), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014).

Viewed in the light most favorable to the verdict, we conclude that the evidence admitted in Cervantes' trial authorized the jury to convict Cervantes for driving while intoxicated. *See Jackson*, 443 U.S. at 320; *Brooks v. State*, 323 S.W.3d 893, 896 (Tex. Crim. App. 2010). While some evidence in the record might have supported a finding that Cervantes was not guilty, the record contains more than sufficient evidence to support the guilty verdict. Moreover, an appellate court must presume the jury resolved any conflicts in the evidence in a manner that favors the

jury's findings. *See Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

Because the evidence authorized the jury to find beyond reasonable doubt that Cervantes was intoxicated, we overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 27, 2017
Opinion Delivered March 21, 2018
Do Not Publish

Before Kreger, Horton and Johnson, JJ.